SWANN, Judge.
The appellant, City of Miami Beach, seeks review of a judgment entered by the Circuit Court of Dade County granting a writ of certiorari directed to the City’s Zoning Board of Adjustment. The judgment quashed the Board’s order denying ap-pellee’s application for a variance which would enable him to remodel the first floor of his residence into a medical office, and directed the City to issue the variance requested.
The appellees are a doctor and his wife who own Lot 4, Block 22, Golf Course Subdivision, in Miami Beach, Florida, within an “RE” zoning classification. A zoning ordinance of the City of Miami Beach prohibits medical offices in an “RE” Multiple Family Use District.
On October 27, 1961 appellees were granted, by the Zoning Board of Adjustment, a variance to permit them to remodel and use an adjacent two-story garage and apartment on this property as a medical office by one physician only, alleging as a “hardship” that the appellee was unable to- retain separate office facilities outside his residence due to poor health and that the neighborhood had so changed in character that the prohibition of the variance would be an unreasonable hardship. The áppellees never took any affirmative action under this variance.
On March 31, 1964 the appellees filed an application for a hearing before the Board for a variance seeking permission to remodel the residence, on the same lot, as the garage, for which a variance had previously been granted, so that the first floor of the residence might be used as a medical office and the second floor as a residence by one physician only. The hardship alleged was essentially the same as that set forth in the previous petition for a variance in 1961.
The Board of Adjustment denied a request for a public hearing on the variance and the appellees filed a writ of certiorari in the Circuit Court. The court granted certiorari, quashing the denial of the March 31, 1964 application and ordering the Board to grant the variance. The City of Miami Beach has properly appealed this order.
The order granting certiorari is reversed on the grounds that the same hardship alleged in the 1961 application for variance which was granted cannot properly be used as a hardship in an application for a variance on the same property in 1964.
In Elwyn v. City of Miami, Fla.App.1959, 113 So.2d 849, 851, cert. denied, Fla.1959, 116 So.2d 773, the court, in referring to hardship, stated:
“ * * *. Thus some exceptional and undue hardship to the individual land owner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of such a variance. 58 Am.Jur., Zoning, §§ 203— *382 204; 101 C.J.S. Zoning §§ 290-294; 8 McQuillin, Municipal Corporations, §§ 25.166-25.169 (3d ed. rev. 1957); 1 Yokley, Zoning Law and Practice, .§§ 138-139 (2d ed. 1953).”
A hardship was found to have existed in 1961 and a variance was granted ■on that basis. We are unable to determine why the appellees did not act under that variance, but they cannot now be heard to claim essentially the same “hardship” in 1964, for another variance on the same lot. If any hardship existed, it was cured by the variance granted in 1961.
The decision and order of the lower court is therefore
Reversed.