336 So.2d 420 (1976)
Joe ANON, Appellant,
v.
CITY OF CORAL GABLES, Appellee.
No. 75-958.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Rehearing Denied September 8, 1976.
Lamar, Arango & Lamar, Coral Gables and Jorge Sanchez-Galarraga, Miami, for appellant.
Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., for appellee.
Before HENDRY and NATHAN, JJ., and LESTER, M. IGNATIUS, Associate Judge.
LESTER, M. IGNATIUS, Associate Judge.
The relevant facts concerning the property in this case date back for more than half a century. The record on appeal reveals that the appellant is the fee simple owner of a parcel of land in the City of Coral *421 Gables, which was platted and zoned in 1925 for single family residence, having a frontage of 41.44 feet and a depth of 105.50 feet. In 1937 the City of Coral Gables adopted the zoning restriction requiring that no building designed for residential use may be constructed or erected upon a building site having a street frontage of less than 50 feet. The appellant acquired said lot in 1972 and does not own any adjoining lot, and at the time he bought the lot he was not aware of the street frontage requirements adopted in 1937. Intending to build a single family residence on this lot, the appellant obtained all the necessary approvals from the authorities as far as lot area and architectural plans, but his application for a building permit was denied since his lot did not meet the frontage requirements. The appellant made application for a variance from the street frontage requirements, and his application was accompanied by letters from abutting property owners who approved the proposed variance. However, the zoning board denied the variance requested, and the appellant appealed to the City Commission, which denied the appellant's application for a variance and upheld the decision of the zoning board.
The case came before the trial judge on a Petition for Writ of Certiorari, and the Court ruled that the restriction of the 50-foot minimum frontage requirement would not work unnecessary and undue hardship on the petitioner-appellant and further found that when the petitioner-appellant purchased the property, he knew or should have known what the zoning regulations were in the City of Coral Gables, and that any hardship was self-inflicted and self-imposed, and cited authority of Elwyn v. City of Miami, Fla.App., 113 So.2d 849.
Appellant urged that the trial court erred in finding that the literal interpretation and application of the 50-foot minimum frontage requirement would not work unnecessary and undue hardship on the appellant and that such hardship was self-inflicted or self-imposed by the appellant.
The record reflects that the appellant has carried the burden of proof, showing that hardship is peculiar and unique to his lot, and that such hardship is not shared by the other property owners in the area. A variance in this case will not alter the character of the locality nor will it interfere with the zoning plan for the area and the rights of owners of other adjacent properties. In denying the appellant the right to use his land on which to build a single family residence, his lot will be totally useless to him since it cannot be used for any other purpose.
"* * * The authorities seem uniform on the proposition that the difficulties or hardships relied on must be unique to the parcel involved in the application for the variance. They must be peculiar to that particular property, and not general in character, since difficulties or hardships shared with others in the area go to the reasonableness of the zoning generally, and will not support a variance. If the hardship is one which is common to the area the remedy is to seek a change of the zoning for the neighborhood rather than to seek a change through a variance for an individual owner. Thus some exceptional and undue hardship to the individual land owner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of such a variance." Elwyn v. City of Miami, Fla.App., 113 So.2d 849.
Justice Thomas's concurring opinion in Miami Shores Village v. Ellis, Fla., 53 So.2d 324, simply affirms the appellant's contentions in this case.
"I have written many opinions upholding zoning restrictions, but I have ever been conscious of the fact that there is a point beyond which such regulations may not reach without bringing into play the constitutional protection of the property owner. As I understand the circumstances peculiar to this case the application of the Zoning Act, F.S.A. § 176.01 et seq., reduces to nothing any legitimate construction by the appellee on his 50-foot lot. It is to me obvious that when the zero mark is thus reached, it follows that *422 the owner's constitutional guarantees are being invaded, and that the answer to all appropriate questions growing out of this controversy must therefore be favorable to him."
In Davis v. Sails, Fla.App., 318 So.2d 214, the Court stated as follows:
"It is clearly the duty of the court to determine the validity of zoning ordinances as applied to a specific parcel of property. This proposition was enunciated by the Supreme Court of Florida in a 1949 case, City of Miami Beach v. First Trust Co., 45 So.2d 681. In that case, a parcel of property on Miami Beach had been zoned for single family residences. In due course, adjoining lands were used for multiple family purposes, including hotel and apartment houses. Upon the city refusing to rezone the plaintiff's property for multi-family residences, suit was commenced, whereupon the chancellor ruled with the city. Appeal was taken to the Supreme Court of Florida, which initially affirmed the chancellor. Upon petition, rehearing was granted, whereupon Justice Terrell stated as follows:
`When the case was before us initially the proposition that got the ear of the Court was the insistence by appellant [City] that the ordinance was presumptively valid, that if fairly debatable the action of the city in passing it should be upheld and the Court should not substitute its judgment for that of the City Council. * * * but on thorough review of the case on petition for rehearing, I am convinced that our judgment was erroneous. When, as here, the constitutional rights of the citizen are assaulted, I do not think the Court can in the manner shown bypass its duty to adjudicate them. * * *' (45 So.2d at page 688)
The court thereupon reversed the lower court, holding that under the circumstances of that particular case the subject ordinances constituted confiscation, observing:
`* * * There is no showing that the zoning plan of the city will be jeopardized or materially affected by removal.' (45 So.2d at page 688)"
In this case there was no question that the adjoining property owners had no objection to the variance, and there is nothing in the record disclosing that the granting of the variance would harm the zoning plan of the City.
"`An ordinance when in force should not in its application deprive the owner of a reasonable use and enjoyment of his own property, thereby depriving him of his property without due process of law or just compensation. The ownership of property is guaranteed by the State and Federal Constitutions. Frequently it becomes necessary for the property and use thereof to yield to constitutional regulations. While a municipality by ordinance may regulate or limit the use of property in behalf of the general welfare of its citizens, such action is authorized only in a constitutional manner.'" Davis v. Sails, Fla.App., 318 So.2d 214, at page 219.
The appellees urged that the hardship suffered by the appellant was self-created and self-imposed, and as stated above, the trial court followed that rationale. Again referring to Elwyn v. City of Miami, supra, it is noted in said case that the purchaser of the property was aware of the permitted uses and sought to obtain a variance therefrom before it acquired the property, and the appellee corporation took the conveyance after the City's zoning board had ruled against its application for variance. The situation in the case under consideration is entirely different, and the property owner should not be precluded from objecting to the zoning ordinance merely because the ordinance was in force when he acquired his lot and had no knowledge of the restriction.
Also, in Josephson v. Autrey, 96 So.2d 784 (Fla. 1957), the property owner bought the land, paying a higher price for it, and gambled that the variance would be granted, *423 making the property more valuable. Here, again, in the case under consideration appellant did not buy the property to speculate or gamble on getting a variance in order to use it.
Also, in both the Elwyn decision and in the Josephson decision, the property owners could have other uses for the lands if the variance was denied, but in the case under consideration the unique hardship is not the loss of a better or more profitable use, but rather a complete denial of the use of the owner's property.
Accordingly, the trial court's order on Petition for Certiorari is vacated and set aside, and the cause remanded to the trial court for the entry of an appropriate order consistent herewith.
Reversed.
NATHAN, J., dissents.