371 So.2d 525 (1979)
Paul R. BELL and Ruth G. Bell, Appellants,
v.
CITY OF SARASOTA, Appellee.
No. 78-2109.
District Court of Appeal of Florida, Second District.
May 23, 1979.
*526 Ray Graham, Sarasota, for appellants.
Wayne C. Hall of Strode, Hereford & Taylor, Sarasota, for appellee.
BOARDMAN, Acting Chief Judge.
Appellants, Paul R. Bell and Ruth G. Bell, owned real property in the City of Sarasota, appellee. In accordance with the zoning code of the city, appellants petitioned the Board of Adjustment for a variance permit from a minimum land requirement. After presentations on the subject at a meeting, the board granted the variance. Appellee then sought review of the board's action to the circuit court. It is alleged that there was a lack of substantial, competent evidence to support a finding that the six criteria set out in the code which the adjustment board is required to consider were met.[1] The circuit court agreed and entered final judgment in favor of appellee. We have that order before us.[2]
Section 163.250, Florida Statutes (1977) provides that:
Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any officer, department, board, commission, or bureau of the governing body, may apply to the circuit court in the judicial circuit where the board of adjustment is located for judicial relief within [30] days after rendition of the decision by the board of adjustment. Review in the circuit court shall be either by a trial de novo, which shall be governed by the Florida Rules of Civil Procedure, or by petition for writ of certiorari, which shall be governed by the Florida Appellate Rules. The election of remedies shall lie with the appellant.
Section 163.175, Florida Statutes (1977) provides: "Any incorporated municipality may exercise any or all of the powers granted under the provisions of this act in the total area within its corporate limits upon passage of an appropriate ordinance to that *527 effect by the governing body." Pursuant to Section 163.175, Florida Statutes, Sections 43-11 and 43-98 of the City of Sarasota Code were adopted to provide for review of decisions of the Board of Adjustment in the circuit court.[3] The city apparently elected review in the circuit court by statutory certiorari.
The scope of review by certiorari under 163.250, Florida Statutes (1977) and its predecessor statute Section 176.16, Florida Statutes (1971) has been limited to a determination of whether the zoning action is arbitrary, discriminatory, or unreasonable. City of Naples v. Central Plaza of Naples, Inc., 303 So.2d 423 (Fla. 2d DCA 1974). Where there is sufficient, competent evidence to support the decision of the zoning board, the reviewing court will not disturb the board's action. City of Tampa v. Islands Four, Inc., 364 So.2d 738 (Fla.2d DCA 1978). Where there are conflicts in the evidence presented to the board, the reviewing court will uphold the judgment of the board if it is a fairly debatable decision. See Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979); 82 Am.Jur.2d Zoning and Planning § 335 (1976). The court is not permitted to reweigh the evidence and substitute its judgment for that of the board.
In reviewing the transcript of the zoning board proceedings, we note that the board was presented with facts meeting each of the required criteria.[4] Discussion before the vote indicated board members were basing their decision on those criteria. We hold that there was sufficient, competent evidence before the board to justify its action. There is no evidence or indication in the transcript or record on appeal that the board's action was arbitrary, discriminatory, or unreasonable.
REVERSED and REMANDED with instructions to reinstate the decision of the Board of Adjustment.
RYDER and DANAHY, JJ., concur.
NOTES
[1] The criteria contained in Section 43-10, City of Sarasota Code pertaining to the prerequisite conditions for grant of a variance are similar to those contained in Section 163.225(3)(a), Florida Statutes (1977). Section 43-10 provides:

A. Written Petition. A written petition for a variance is submitted demonstrating that:
(1) Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district;
(2) The special conditions and circumstances do not result from the actions of the applicant;
(3) Literal interpretation of the provisions of this Zoning Code would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district under the terms of this Zoning Code and would work unnecessary and undue hardship on the applicant;
(4) The variance, if granted, is the minimum variance that will make possible the reasonable use of the land, building, or structure;
(5) Granting the variance requested will not confer on the applicant any special privilege that is denied by this Zoning Code to other lands, buildings, or structures in the same zoning district;
(6) The grant of the variance will be in harmony with the general intent and purpose of this Zoning Code, will not be injurious to the neighborhood, or otherwise detrimental to the public welfare.
[2] The proper method of invoking jurisdiction of this court is by appeal, since the action authorized in the circuit court was the original action of statutory certiorari. See Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978); Board of County Commissioners v. Lowas, 348 So.2d 13 (Fla. 3d DCA 1977). However, the Bells filed a petition for writ of certiorari in the Second District Court of Appeal. We treat the petition as if the proper appeal remedy were sought. Fla.R.App.P. 9.040(c).
[3] Section 43-11 of the City of Sarasota Code provides that:

Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, or any officer, department, board, commission, or bureau of the City may apply to the circuit court having jurisdiction in Sarasota County for judicial relief within thirty (30) days after rendition of the decision by the Board of Adjustment in accordance with State law.
Section 43-98 provides that "[a]ny person or persons, jointly or severally, aggrieved by any decision of the board of adjustment may apply to the circuit court of the county for judicial relief within thirty days after rendition of the decision by the board of adjustment."
[4] Appellants' petition for a variance met the six conditions:

1. This property has the peculiar condition of being zoned OPB and unlike any other OPB zoned property in the city, is less than the minimum square footage called for in the ordinance criteria.
2. The applicant had nothing to do with the circumstance.
3. The provisions of the zoning code do deprive the applicant of the right commonly enjoyed by other OPB property owners and having a property zoned OPB without the base criteria of 10,000 square feet is creating an unnecessary and undue hardship on the applicant.
4. The variance, if granted, is the minimum variance that will make possible the use of this land under the OPB zoning ordinance.
5. Granting this variance would not confer to the applicant any special privileges that are denied by the zoning code to other lands in the same zoning district.
6. The granting of the variance will be in harmony with the general intent and purpose of the zoning code by adding the necessary square footage to bring this property up to the minimum standards of the code. It would not be injurious to the neighborhood which is also OPB or detrimental to the public, as all other provisions of the code shall be met.