419 So.2d 1041 (1982)
James H. NANCE, Petitioner,
v.
TOWN OF INDIALANTIC, Respondent.
No. 60901.
Supreme Court of Florida.
July 29, 1982.
Rehearing Denied October 22, 1982.
Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for petitioner.
Edward J. Silberhorn, Andrew A. Graham and Kerry I. Evander of Reinman, Harrell, Silberhorn, Moule, Boyd & Graham, Melbourne, for respondents.
McDONALD, Justice.
We review Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), because of conflict with Allstate Mortgage Corp. v. City of Miami Beach, 308 So.2d 629 (Fla. 3d DCA), cert. denied, 317 So.2d 763 (Fla. 1975). In a comprehensive and articulate opinion the district court stated in the instant case that "[a] prerequisite to the granting of a hardship zoning variance is the presence of an exceptional and unique hardship to the individual landowner, unique to that parcel and not shared by other property owners in the area." 400 So.2d at 40. The court distinguished the "fairly debatable" test of reviewing zoning decisions from the "unique hardship" burden of proof for variances and held that "the proper standard of review in a zoning variance case is whether the lower tribunal had before it competent substantial evidence to support its finding. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957)." Id. (emphasis in original, footnote omitted). The district court has properly analyzed the facts and applied appropriate precedent, and we approve that court's opinion and adopt it as our own. In so doing, we emphasize that the "fairly debatable" test should be used to review legislative-type zoning enactments, while a variance seeker must demonstrate a "unique hardship" in order to qualify for a variance. We disapprove Allstate Mortgage Corp. to the extent of conflict with the instant opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and EHRLICH, JJ., concur.
ADKINS, J., dissents.