485 So.2d 1318 (1986)
TOWN OF INDIALANTIC, Etc., Petitioner,
v.
James H. NANCE, Respondent.
No. 85-707.
District Court of Appeal of Florida, Fifth District.
March 13, 1986.
Rehearing Denied April 8, 1986.
*1319 Edward J. Silberhorn and Andrew A. Graham, of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for petitioner.
Elting L. Storms, of Storms, Krasny, Normile & Dettmer, P.A., Melbourne, for respondent.
ORFINGER, Judge.
This is a petition for writ of certiorari to review the order of the circuit court sitting in its appellate capacity. We have jurisdiction pursuant to Rule 9.030(b)(2)(B). Respondent Nance is the owner of oceanfront lots 8-15 in the Town of Indialantic, Brevard County. He requested height and density variances for these lots to allow the building of an eight-story motel. Lots 8-13 are topographically and legally identical. There is a deed restriction on Lots 14 and 15 which requires that a motel be built on that property,[1] and the property is zoned for motel use.
The Board of Adjustment granted the requested variances after a hearing. Thereafter, the town council reviewed the action of the board pursuant to section 17-146 of the Indialantic Zoning Code. The council found there was no basis for the variance and that the Board of Adjustment had abused its discretion. The circuit court, pursuant to a writ of certiorari filed by Nance, reinstated the Board of Adjustment's decision granting the variance, finding that there was substantial, competent evidence for the board to rule as it did, that the appeal procedure to the city was improper, and that Indialantic reversed the Board of Adjustment without receiving any substantially new and competent evidence. The town has now filed a petition for certiorari as authorized by City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
Respondent's application for variances is based on an alleged hardship caused by the deed restriction on Lots 14 and 15. Respondent contends that an economically feasible motel cannot be built on these two lots within the zoning restrictions and argued before both the board and town council that it would be in the best interest of the town to allow him to build an eight-story motel centered on all the lots. (i.e., lots 8-15).
This court, in reviewing the circuit court's order, is limited to a determination of whether the circuit court afforded due process and applied the correct law. City of Deerfield Beach v. Vaillant, supra; BML Investments v. City of Casselberry, 476 So.2d 713 (Fla. 5th DCA 1985); Thomas v. Brevard County Sheriff's Office Civil Service Board, 456 So.2d 540 (Fla. 5th DCA 1984). As no issue is raised as to due process, the only question before this court is whether the circuit court applied the correct law.
A pre-requisite to the granting of a hardship variance is the presence of an exceptional and unique hardship to the individual land owner, unique to that parcel and not shared by other property owners in that area. Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981) affirmed, 419 So.2d 1041 (Fla. 1982). Once the agency's decision is made on the hardship issue, the task of the court reviewing a zoning *1320 variance decision is to ensure that the authority's decision is based on evidence a reasonable mind would accept to support that conclusion. Absent an abuse of discretion or a clearly erroneous decision, the agency's decision should not be set aside. Id. at 40. In Town of Indialantic v. Nance, supra, this court found that Lots 8 and 9 owned by Nance are typical of Indialantic's oceanfront lots in size, shape and topography, and that the town's zoning restrictions, including height, setback, breezeway, parking and landscaping requirements, are shared by all other oceanfront lot owners in the area and are therefore not the unique hardship required to support a variance. Id. at 40. Since Lots 10-13 are legally and topographically indistinguishable from Lots 8 and 9, there is no unique hardship as to these lots either.
Nance's only basis for the hardship allegation is that it would not be economically feasible to build a motel on lots 14 and 15 under the present restrictions, but he presented no competent, substantial evidence to the Board of Adjustment to support this allegation, and the town council properly so held. Nance gave his opinion that the variances granted were the minimum necessary to build an economically feasible motel, but he did not define what he considered economically feasible or offer any evidence in support of his position. In fact, Nance's architect testified that Nance could build a motel on those two lots within the zoning code, but that the building would not be aesthetically pleasing. As stated in Thompson v. Planning Commission of City of Jacksonville, 464 So.2d 1231 (Fla. 1st DCA 1985), a hardship may not be found unless no reasonable use (in this case, for a motel) can be made of the property. The standard is stated somewhat differently in Hemisphere Equity Realty Company v. Key Biscayne Property Taxpayers Association, 369 So.2d 996 (Fla. 3d DCA 1979) where the court stated that the hardship must be such that it renders it virtually impossible to use the land for the purpose for which it is zoned. There was no competent, substantial evidence of any kind to establish any hardship as to Lots 8-13 and the evidence presented as to Lots 14 and 15 did not establish that no reasonable use for a motel could be made of the property.
The circuit court erroneously replaced Indialantic town council's reasonable finding that Nance suffers no legal hardship with its own finding that he does. As there was no abuse of discretion, Indialantic's decision should not have been set aside by the circuit court. Town of Indialantic v. Nance, supra; Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979). An issue is also raised as to whether the town council observed procedural due process. Since the circuit court never specifically found that due process was violated, this is not an issue appropriate for review by certiorari. Furthermore, the issue argued is more properly an issue of standing, and as stated in Cowart v. West Palm Beach, 255 So.2d 673 (Fla. 1971), the issue of standing cannot be raised for the first time in the appellate court when the issue is not raised below.
The writ of certiorari is granted and the decision of the circuit court below is quashed.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] The Town of Indialantic sold the property to respondent's predecessor in title, with the restriction in the deed that until October 1, 1990, the property would be used only as a motel and the usual supplemental facilities. The town also agreed that the property would be zoned for motel use. No issue is made here as to zoning.