550 So.2d 7 (1989)
Carmen M. GOMEZ, Petitioner,
v.
CITY OF ST. PETERSBURG, a Florida Municipality, Respondent.
No. 89-00818.
District Court of Appeal of Florida, Second District.
June 21, 1989.
Jere' M. Fishback of Kleinfeld & Fishback, St. Petersburg, for petitioner.
Michael S. Davis, City Atty., and Laura Bamond, Asst. City Atty., St. Petersburg, for respondent.
ALTENBERND, Judge.
Mrs. Gomez seeks review from a circuit court appeal which upheld the denial of a variance. She had requested the variance to permit a triplex in a district zoned for single-family units. The circuit court found that the denial of the variance was supported by substantial, competent evidence. We cannot revisit that issue. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). We deny the writ because the circuit court afforded procedural due process and applied the correct law. Educ. *8 Dev. Center, Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989).
Mrs. Gomez purchased the three-unit dwelling in 1980. She bought the property directly from the prior owner without the help of a realtor. When she purchased the property, she did not know that the triplex was in an area which had been zoned for single-family units since 1950. She did not realize that she needed an occupational license for the facility. The prior owner had never obtained an occupational license.
In October 1987, the City of St. Petersburg notified Mrs. Gomez that the triplex violated the city zoning code and suggested that she apply for a variance. In December 1987, she applied for a variance on grounds that the unit had been a triplex continuously from a time prior to the zoning regulation and, thus, was grandfathered.
At the hearing before the Board of Adjustment, Mrs. Gomez did submit evidence which supported her theory that the house had been a triplex as early as 1947. The City presented no evidence at the hearing, but argued that Mrs. Gomez's evidence was insufficient to satisfy her burden of proof. Specifically, Mrs. Gomez's proof did not establish that the property had been a triplex continuously from 1947 to 1987. Moreover, under the St. Petersburg City Code, a grandfathered use is abandoned if the owner fails to obtain an occupational license for two years. § 64.07(6)(c), (11), St. Petersburg City Code. In this case, it is undisputed that Mrs. Gomez failed to obtain the occupational license. The Board of Adjustment voted unanimously to deny the variance. On petition for writ of certiorari to the circuit court, that court found the decision was supported by substantial, competent evidence.
As a general rule, the applicant has the burden to come before the Board of Adjustment and establish the requirements for a variance. Bd. of County Comm'n v. First Free Will Baptist Church, 374 So.2d 1055 (Fla. 3d DCA 1979). The burden upon a petitioner for a variance is more extensive than the burden upon a party seeking a permissible use by special exception. Irvine v. Duval County Planning Comm'n, 466 So.2d 357, 364 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), quashed, 495 So.2d 167 (Fla.), dissent adopted, 504 So.2d 1265 (Fla. 1st DCA 1986). The Board of Adjustment in this case simply found that Mrs. Gomez's proof was insufficient to support her claim for a variance. While there surely was evidence supporting Mrs. Gomez's claim, the circuit court was entitled to review the weaknesses in that evidence to determine that the Board's decision was supported by substantial, competent evidence. The rule of law requiring substantial, competent evidence to support the Board's decision did not require the City to present affirmative evidence when the Board simply weighed Mrs. Gomez's evidence and determined that it was insufficient. While we sympathize with Mrs. Gomez's predicament, it is clear that the circuit court provided procedural due process to her and applied the correct rules of law. Accordingly, we must deny the petition.
The petition for writ of certiorari is denied.
LEHAN, A.C.J., and PARKER, J., concur.