# BETANCOURT v METROPOLITAN DADE COUNTY
## Case No. 88-132 AP
Eleventh Judicial Circuit, Dade County
August 18, 1989

### APPEARANCES OF COUNSEL
**David A. Russell,** for appellant.
**Craig H. Coller,** for appellee.
Before DONNER, ROBINSON, KAYE, JJ.

### OPINION OF THE COURT

Mr. Betancourt, the Appellant, is seeking relief from a decision made by the Dade County Board of County Commissioners to deny, without prejudice, his request for either a zoning change or use and non-use variance. Mr. Betancourt appeals the Board's denial of a variance and the Board's failure to grant a special exception, in the alternative.

The land in question was re-zoned from GU (Interim) and AU (agricultural) to EU-1 (1 acre estates) in 1955, zoning resolution No. 8007. At that time, special exceptions were made to allow 2 nurseries to continue to operate in the area. Appellant bought the property in

1976 and was assigned an occupational license for the continuation of a retail nursery from the seller. The property has been used as a nursery since 1972. There exist affidavits in the file from the next-door neighbor as well as the previous owners stating this to be true. (there were also affidavits from objectors stating there had never been a nursery here before 1987 or so). There are also copies of the occupational license since 1980 for the 8990 Nursery with Mr. Betancourt's name as well as correspondence from the State of Florida referring to the 8990 Nursery.

Mr. Betancourt was cited for running a retail nursery operation in a residential district. He applied for a zoning change or a use exception in 1987. The Zoning Director, responding to the Board of County Commissioner's request for recommendations, suggested that a use variance with certain limitations should be granted to allow Mr. Betancourt to carry on a retail nursery business.

The zoning director found that the nursery would generate no more traffic on 112 Street which is heavily trafficked already. He also found the operation of the nursery to be "logical and compatible" with the plan as pertains this part of the county.

The Metropolitan Dade County Planning Department opposed the zoning change or use variance.

Even though the property is zoned for 1 acre estate, the Appellant should be granted relief from a strict interpretation of the classification by granting him a use variance or at least a special exception.

The evidence shows that the area in question has other nurseries operating in it, many of the homes have huge groves on them, some homes have been converted to schools, etc. It is not a strictly residential area which is being encroached upon by a "gross commercial operation." In fact, Mr. Betancourt has been operating the nursery for about ten years, as did the owner before him.

There has been no competent evidence to show that the proposed nursery would be detrimental to the public welfare or safety. The relief requested by the Appellant should be granted-granting of a use variance or the less stringently applied special exception.

Robinson, J. dissenting:

I respectfully dissent. The Metropolitan Dade County Commission specifically found that the property subject to the applications here under review were attempts to approve and establish a nursery business in the midst of a residential community. After hearing a significant amount of evidence the County Commission unanimously denied the

14

appellant's application for a use variance. This court should not substitute its judgment for the more proper political judgment of the County Commission when competent evidence was presented to the Commission making evident that the evidence it considered was fairly debatable. *See, Bessemer Properties, Inc. v Miami Shores Village,* 110 So.2d 87 (Fla. 3d DCA 1959). The planning Department specifically stated to the Commission that the plant nurery had recently become a full scale commercial activity rather than an activity ancillary to a residential use as found on other parcels in the district. The record was replete with testimonial evidence contradicting the evidence cited by the majority of the panel to support its ordering the Commission to grant a use variance or special exception.

Under section 33-311 (e)(1) of the Metropolitan Dade County Code, use variances may only be granted when there is an unnecessary hardship. The existence of similar uses on other properties is not the test. There must be an unnecessary hardship unique and peculiar to the property involved. *Nance v Town of Indialantic,* 419 So.2d 1041 (Fla. 1982); *City of Miami Beach v Burns,* 179 So.2d 380 (Fla. 3d DCA 1965). In addition, a landowner must be denied all beneficial use of his land to obtain a use variance. *Ellwyn v City of Miami,* 113 So.2d 849 (Fla. 1st DCA 1985). Though the evidence relating to these criteria differed, and there was substantial and competent evidence supporting the criteria for a use variance, the Commission obviously accepted the contrary substantial and competent evidence that the criteria were not met. We should not overturn their decision.

Neither should be mandate that the County grant the requested special exception for two reasons. First, the record reflects that no special exception was requested by Mr. Betancourt. Second, the Metropolitan Dade County Code does not allow plant nurseries as special exceptions.

I would affirm the County Commission's unanimous decision.