# HANNA v PALM BEACH COUNTY BOARD OF ADJUSTMENT
## Case No. AP 89-10846 AZ
Fifteenth Judicial Circuit, Palm Beach County

June 5, 1990

### APPEARANCES OF COUNSEL

**Brian B. Joslyn, Esquire,** Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, for petitioner.

**Barbara A. Alterman, Esquire,** Assistant County Attorney, for respondent.

Before LUPO, OFTEDAL, RAPP, JJ.

### OPINION OF THE COURT

Petitioner, Paul Hanna ("Hanna") seeks review of an order of the Respondent, Palm Beach Board of Adjustment (the "Board") granting variances requested by Intervenor, Peter Demogenes, the owner of a parcel of real property adjacent to Hanna. For the reasons which

follow, the Court grant Certiorari and quashes the order of the Board granting the variances.

## I.

## STANDING

Intervenor asserts that absent a claim for special damages, Hanna lacks standing to bring this action. The Court notes that the requirement that a party claim special damages as a prerequisite for standing has been substantially eroded insofar as adjoining landowners are concerned. *Carlos Estates, Inc. v Dade County,* 426 So.2d 1167 (Fla. 3d DCA 1983). Suffice to say, the Court finds any requirement to demonstrate special damages has been satisfied by virtue of Hanna's status as an adjoining and abutting property owner of the Intervenors' property.

## II.

## LACK OF COMPETENT SUBSTANTIAL EVIDENCE

In reviewing the action of an administrative agency, the circuit court must determine whether procedural due process was accorded, whether the essential requirements of law were observed, and whether the administrative findings and judgment are supported by competent substantial evidence. *City of Deerfield Beach v Vaillant,* 419 So.2d 624, 625 (Fla. 1982). Hanna argues that there is no competent substantial evidence to support a finding that in the absence of a variance it would be virtually impossible for the Intervenor to use the land for the purposes for which it is zoned. *Town of Indianlantic v Nance,* 485 So.2d 1318, 1320 (Fla. 5th DCA 1986) *citing Hemisphere Equity Realty Co. v Key Biscayne Property Taxpayers Association,* 369 So.2d 996 (Fla. 3d DCA 1979). A review of the record of the administrative proceedings disclosed no evidence demonstrating any unique hardship resulting from the applicable set back requirements as applied to Intervenor's property. To the contrary, it appears the Intervenor was fully able to make reasonable use of his property without necessity for any variance. The fact that Intervenor was not able to maximize his profit absent a variance does not constitute "an exceptional and unique hardship" to the landowner. *Id* at 1319. *See also, Metropolitan Dade County v Reineng Corp.,* 399 So.2d 379 (Fla. 3d DCA 1980).

In addition, it appears that any hardship in this case was self-inflicted. It is conceded that Intervenor was aware of the setback requirements when he purchased the property and knew that he might have to build less than the 33 units desired. A self-imposed hardship is

**35**

not a sufficient basis for the granting of a variance. *Burger King Corp. v Metropolitan Dade County,* 349 So.2d 210, 212 (Fla. 3d DCA 1977).

## III.

### *FAILURE TO FOLLOW ESSENTIAL REQUIREMENTS OF LAW*

Even were the Court somehow able to glean from the record competent substantial evidence sufficient to support a finding of "unique hardship" we would nonetheless be required to quash the variances on the basis that the Board failed to make appropriate findings as required by Section 403.3 of the Palm Beach County Zoning Code (the "Code"). Failure to make the requisite findings constitutes a failure to follow the essential requirements of law.

The Board urges us to infer the existence of the necessary findings based upon the rambling comments of Board members and upon the final 3 - 2 vote of the Board. The Court finds neither method to be an acceptable or suitable substitute for the clear and unambiguous mandate of Code which requires that the Board "must and shall" make specifically enumerated findings as a precondition for a variance. If anything, the comments of the Board members, to the extent they bear on the issue of hardship at all, seem to support the denial rather than the granting of the variances. To simply allow the final tally or vote of the Board to stand in the place of specific findings would render the obligatory language of the Code meaningless and completely strip it of any real force or effect.

Based on the foregoing, the Court grants the Petition for Certiorari, quashes the Palm Beach County Board of Adjustment's grant of variances for the Intervenor's property and remands the matter to the Board for further proceedings consistent with this opinion.

(LUPO and OFTEDAL, JJ., concur. RAPP, J., dissents with opinion.)

---

(RAPP, J., dissenting.) I respectfully dissent. I agree with the Court's conclusion on the standing issue. However, I find from the record evidence to support the unique hardships to which this property has become subjected due to its configuration and submerged lands, etc. In addition I do not believe the law requires the board to set forth its findings in any particular format or formal manner.