569 So.2d 853 (1990)
Mei-Ling BERNARD, Petitioner,
v.
The TOWN COUNCIL OF the TOWN OF PALM BEACH, and Joseph Davidson and Polly Davidson, Respondents.
No. 90-1460.
District Court of Appeal of Florida, Fourth District.
November 7, 1990.
Dennis J. Powers of Commander, Scott, Henderson & Powers, Palm Beach, for petitioner.
John C. Randolph of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for respondent-The Town Council of the Town of Palm Beach.
Robb R. Maass of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for respondents-Davidson.
PER CURIAM.
Mei-Ling Bernard, a property owner in Palm Beach, Florida seeks to quash the circuit court's decision, sitting in its appellate capacity, which upheld the respondent Palm Beach Town Council's approval of an application for a zoning variance filed by respondent Polly Davidson, the next door neighbor of petitioner.
Davidson's application for variance sought:

*854 (a) To construct bedroom and bath above existing south portion of house, the rear setback line being 5' from East property line instead of 15' setback as now required by zoning ordinance in RA district.
(b) To extend split level house southward by constructing bedroom and bath over existing lower floor of house as per sketch attached hereto. Same constitutes a third floor addition [Code Section 5.21 contains a restriction against a third story on a residential structure.]
At the hearing on Davidson's application, her attorney stated that she had received approval of the construction project in 1957; that subsequently her husband died so she did not proceed with the project; that she had recently remarried, however; and that she now desired to proceed with the project because:
[I]t is a hardship now for them to live in that house without an addition of a master bedroom and den which they need desperately... . The hardship runs with the land. And that is because this is a peculiar size lot. It's odd shaped. The building itself which is the house was formerly an employees wing of a larger old house in Palm Beach... . But the hardship is that we cannot add any additional construction other than this location because of the peculiar nature of the lot, size of the lot.
An architect for Davidson explained that "the land is so peculiar, you can see the wedge shape view of the lake that goes around the cul-de-sac to provide her vista of the lake and it's so narrow down there nothing could really be built. And if it could it wouldn't be attached to the main residence." The architect stated that as it stands, the house has three bedrooms, two of which are very small.
Bernard's attorney stated that the Davidson house was already only about five feet from Bernard's property line rather than the required fifteen feet, and that the proposed additional construction would destroy Bernard's view of Lake Worth and would obstruct fresh air and light to Bernard's swimming pool and garden. Bernard's attorney also argued that in order to be granted the variance Davidson was required to show that absent the variance she would experience unnecessary and undue hardship; and that not being permitted to have a thirty-five to forty foot master bedroom simply was not a "hardship."
In response to a councilman's query, the Town Attorney opined that in determining hardship the council could consider the irregularity of the lot and the property lines. Accordingly, the council ultimately voted to grant the variance based on a hardship caused by the "unusual configuration" of the land.
In denying certiorari, the circuit court said: "We find no reason to set aside the council's assessment of `hardship'. We find hardship is in the eye of the beholder."
The circuit court further relied on Bell v. City of Sarasota, 371 So.2d 525, 527 (Fla. 2d DCA 1979), for the proposition that where there are conflicts in the evidence to support the decision of a zoning board, a reviewing court should uphold the judgment of the board if it is a "fairly debatable" decision. Bell was not a "variance" case, however, nor has this court spoken to the specific issue raised here.
When a party seeks review here of a circuit court's disposition of administrative action, our review is limited to determining whether the circuit court afforded procedural due process and applied correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Bernard does not contend that the circuit court failed to afford her procedural due process. She does contend, however, that the circuit court failed to apply the correct test. We agree.
In its order the circuit court applied the "fairly debatable" test, which is used to review legislative-type zoning enactments. The proper standard of review in a zoning variance case is whether the agency or lower tribunal was presented with competent substantial evidence to support its findings. Nance v. Town of Indialantic, 419 So.2d 1041 (Fla. 1982).
An applicant who seeks a variance must demonstrate a "unique hardship" in *855 order to qualify for a variance. Id. Also, it has been held that a "hardship" may not be found unless no reasonable use can be made of the property without the variance; or, stated otherwise, "the hardship must be such that it renders it virtually impossible to use the land for the purpose for which it is zoned." Town of Indialantic v. Nance, 485 So.2d 1318, 1320 (Fla. 5th DCA), rev. denied, 494 So.2d 1152 (Fla. 1986). See also Thompson v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985) (hardship necessary to obtain zoning variance may not be found unless there is showing that under present zoning no reasonable use can be made of property, and self-created hardship cannot constitute basis for zoning variance).
Rather than determining whether competent substantial evidence was presented to show that no reasonable use could be made of the property absent the variance, the circuit court here found that "hardship is in the eye of the beholder." Accordingly, we grant the petition, quash the circuit court's order and remand with direction to apply the test recited and adopted herein.
GLICKSTEIN and STONE, JJ., concur.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), our supreme court, upholding an earlier decision of this court, made it quite clear that, in circumstances such as are before us now, review at the district court level is limited. Notwithstanding, the majority has exceeded those limits and has substituted its judgment for that of three trial judges who have already reviewed this case in an appellate capacity. In my opinion, the majority is engaging in a hair-trigger grant of one of the great writs, supposedly only obtainable under rare and extraordinary circumstances.