# BERNARD v THE TOWN COUNCIL OF PALM BEACH, et al.

## Case No. AP 89-1728 AY

Fifteenth Judicial Circuit, Palm Beach County

April 12, 1991

### APPEARANCES OF COUNSEL

**Dennis J. Powers, Esquire,** Commander, Scott, Henderson & Powers, for petitioner.

**John C. Randolph,** Jones, Foster, Johnston & Stubbs, P.A., for respondent, The Town Council of the Town of Palm Beach.

**Robb R. Maass,** Alley, Maass, Rogers & Lindsay, P.A., for respondents, Davidson's.

Before RODGERS, FINE, COOK, JJ.

**OPINION OF THE COURT**

PER CURIAM.

This matter is before the appellate division of this circuit court upon remand from the Fourth District Court of Appeal. Respondents' request for oral argument on remand is denied. 569 So.2d 853 (Fla. 4th DCA 1990).

The background of this case is as follows. In 1957 the Town of Palm Beach ("Town") approved an application for a zoning variance and remodeling project on Mrs. Davidson's property. The project was not completed as Mrs. Davidson's (then Mrs. Blakely) former husband died. Recently remarried, Mrs. Davidson sought to complete the project. In 1988 a renewed application for a zoning variance was submitted to the Town Council. The Davidson's requested they be allowed to construct a den, master bedroom and bath above the existing south portion of the house. The variance would, in effect, permit the construction of a third floor addition which is prohibited by the Town Code.

The land on which the Davidson's house sits slopes dramatically. The Town Code is written in such a way that the first floor is the garage level; the second floor is the living room, dining room and kitchen; and the existing third floor consists of three bedrooms. The Davidson's contend they can not add construction elsewhere because of the peculiar shape of the lot, and it would be a hardship for them to live without the addition.

The Davidson's argued it would be more of a hardship to locate the addition elsewhere on the property and that financially it would cost an outrageous amount of money. Nevertheless, mere diminution of market value or interference with a property owners personal plan and desires relative to his property is insufficient to entitle him to a variance. *Eastlake v Forest City Enterprises, Inc.,* 426 U.S. 668, 674, 96 S.Ct. 2358, 2368, 40 L.Ed.2d 132 (1976).

A prerequisite to the granting of a hardship zoning variance is the presence of an exceptional and unique hardship to the individual landowner, unique to that parcel and not shared by other property owners in the area. *Nance v Town of Indialantic,* 419 So.2d 1041 (Fla. 1982). The hardship must be such that it renders it virtually impossible to use the land for the purpose for which it is zoned. *Town of Indialantic v Nance,* 496 So.2d 1318, 1320 (Fla. 5th DCA 1986), *review denied,* 494 So.2d 1152 (Fla. 1986). Further, the applicant must demonstrate that denial of the variance would deprive him of all beneficial use of the property. *Metropolitan Dade County v Betancourt,*

599 So.2d 1237 (Fla. 3d DCA 1990). Accord, *Thompson v Planning Commission of the City of Jacksonville,* 464 So.2d 1152 (Fla. 1st DCA 1985).

The Town Council found hardship resulted from the "unusual configuration" of the land and granted the variance. The proper standard of review in a zoning variance case is whether the lower tribunal had before it competent substantial evidence to support its finding. *Nance v Town of Indialantic,* supra; *DeGroot v Sheffield,* 95 So.2d 912 (Fla. 1957).

No other lot in the area has the exact same configuration as the Davidson's'property. However, although a unique hardship is present, the hardship is not one that renders it virtually impossible to use the land for the purpose for which it is zoned. That is, denial of the variance would not deprive the Davidson's of all beneficial or reasonable use of their property.

In applying the correct test, we find the Town Council's decision was not supported by competent substantial evidence. Accordingly, the petition for writ of certiorari is granted and the decision of the Town Council is quashed.

RODGERS, FINE and COOK, JJ., concur.