756 So.2d 166 (2000)
David K. SMITH, Petitioner,
v.
The CITY OF WEST PALM BEACH, a political subdivision of the State of Florida, Respondent.
No. 4D99-2378.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
John M. Jorgensen and Kevin M. Wagner of Scott, Harris, Bryan, Barra & Jorgensen, Palm Beach Gardens, for petitioner.
Sonja Knighton, Assistant City Attorney, West Palm Beach, for respondent.
WARNER, C.J.
The petitioner seeks a writ of certiorari quashing the opinion of the circuit court sitting in its appellate capacity, which reviewed a decision of the Zoning Board of Appeals for the City of West Palm Beach. The Board had denied a variance to petitioner for his property, and the circuit court denied the petition for certiorari from that decision. We deny the petition.
The opinion of the circuit court denying relief from the decision of the Zoning Board of Appeals states:
This Court generally reviews all petitions for writ of certiorari by determining (1) whether procedural due process was accorded, (2) whether the essential requirements of the law have been observed, (3) whether the administrative findings and judgment were supported by competent substantial evidence. City of Deerfield Beach v. Valiant[Vaillant], 419 So.2d 624 (Fla.1982). If there are conflicts in the evidence presented to the *167 board, the reviewing court will uphold its judgment if it is a fairly debatable decision. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979). A fairly debatable decision is one where the Board's action is reasonably based, and, as a result, prevents the court from substituting the Board's judgment with that of its own. Lee County v. Sunbelt Equities, II, Limited Partnership, 619 So.2d 996, 1002 (Fla. 2d DCA 1993).
In reviewing this matter, we find that there was substantial competent evidence to support the City's decision with respect to the hardship issue. This Court is not permitted to re-weigh the evidence, and must uphold the lower tribunal's decision if it was reasonable [sic] based. Consequently, it cannot be said that the City's decision to deny the petitioner's variance application was unreasonable.
(footnote omitted).
In reviewing decisions of the circuit court sitting in its appellate capacity, the court of appeal determines: (1) whether procedural due process was accorded, and (2) whether the correct law was applied. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The question in this case is whether the circuit court applied the correct standard of review to the Board's decision denying a variance. The proper standard of review of a variance decision is whether the decision is supported by competent substantial evidence. See Bernard v. Town Council of Town of Palm Beach, 569 So.2d 853, 854 (Fla. 4th DCA 1990). However, the two standards, "fairly debatable" and "substantial competent evidence," are not dissimilar. In Town of Indialantic v. Nance, 400 So.2d 37, 40 (Fla. 5th DCA 1981), approved, 419 So.2d 1041 (Fla.1982), the court noted:
The DeGroot "competent substantial evidence" standard of review of quasijudicial action effectively provides the same standard the "fairly debatable" test provides for review of legislative municipal zoning action: For the action to be sustained, it must be reasonably based in the evidence presented. The two concepts have been blurred; for example, in Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979), the court utilized both the competent substantial evidence standard and the "fairly debatable" standard to decide a zoning variance issue....
By whatever name it is called, the task of the court reviewing a zoning variance decision is to insure that the authority's decision is based on evidence a reasonable mind would accept to support a conclusion. Compare DeGroot, 95 So.2d at 916, with Wolff v. Dade County, 370 So.2d at 841-842. If there was such evidence presented, the authority's determination must stand. Martin v. First Apostolic Church, 321 So.2d 471 (Fla. 4th DCA 1975).
The circuit court applied the correct law. Therefore, the petition is denied.
GUNTHER and STEVENSON, JJ., concur.