PER CURIAM.
The appellant, who was plaintiff in the trial court, has appealed a final judgment declaring unconstitutional a municipal ordinance of the City of North Miami. The only point presented on appeal is "whether or not the court erred in declaring § 8-19 of the City of North Miami Code unconstitutional.”
The trial court’s findings in this case are as follows:
* * * * * . *
“ . . . the Court finds:
“1. That Section 8-19 of the City of North Miami Code of Ordinance, (plaintiff’s Exhibit 2) challenged as being unconstitutional, is as follows:
‘It shall be unlawful for any candidate or other person, during five days preceding the day of any election, to publish or circulate or cause to be published or circulated any charge against or attack against any candidate unless such charge or attack has been personally served upon the candidate at least five days prior to the day of election. Any answer to a charge or attack that contains defensive matter shall not be construed to be a charge or attack.’
*86 “2. That the defendant, a candidate for Mayor in the run-off election in the City of North Miami attempted to serve a list of alleged charges and attacks against plaintiff, also a candidate for Mayor in said election, by placing said list under the door of plaintiff’s campaign headquarters before Midnight of the 6th day preceding the day of the election when the defendant was unable to locate the plaintiff to personally serve him, thus did not comply with the personal service requirement of Section 8-19 of the said Code prior to the Sth day preceding the day of the election.
“3. That the defendant did not violate this Court’s Temporary Restraining Order dated May 11, 1973 by thereafter having published and circulated the flyer (plaintiff’s Exhibit 1) consisting of photo-offsets of newspaper clippings from local newspapers and which had added at the bottom of the flyer the words: ‘John, Your smear campaign is not working.’, and is found not to be in Contempt of Court.
“4. That the printing, publishing and circulation of said flyer by the defendant did not violate said Section 8-19 in that the flyer contained defensive matter and was an answer by defendant to alleged charges and attacks which were personally served on defendant by plaintiff on the 6th day preceding the election.”
******
It is apparent that the trial judge had decided the merits of this case before he undertook to rule upon the constitutionality of the ordinance. It is a well-settled principle that a court will not consider a constitutional question where the case may be decided upon other grounds. See Maxcy v. Mayo, Fla.1931, 103 Fla. 552, 139 So. 121; State v. Green, Fla.1965, 174 So.2d 546; Walsingham v. State, Fla.1971, 250 So.2d 857. It is, therefore, apparent in this case that it was not necessary for the trial judge to reach the question of the constitutionality of the ordinance at all. His opinion, therefore, becomes advisory rather than an issue in the case. For that reason, the portion of the order appealed from which declares § 8-19 of the City of North Miami Code unconstitutional is reversed and the cause is remanded to the trial court with directions to enter an amended final judgment eliminating the holding of unconstitutionality therefrom.
Affirmed in part, reversed in part and remanded.