CAMPBELL, Judge.
Petitioner, City of Treasure Island, petitions for review of an order and opinion of the Circuit Court of the Sixth Judicial Circuit in Pinellas County. We have jurisdiction. Fla.R.App.P. 9.030(a)(2)(B); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
The court below was acting in its review capacity in regard to a decision of the City of Treasure Island’s Board of Adjustment and Appeals. Respondent had appealed to the Board of Adjustment an administrative decision of petitioner which denied his application for a permit to construct a vinyl awning or cover to be permanently affixed to the boat davits and lifts attached to his dock at his residence. The Board of Adjustment denied his appeal on the basis that to grant the permit would violate sections 6-18.1 and 706.01 of the Treasure Island Code of Ordinances.
The court below reversed the decision of the Board of Adjustment by finding that the awning respondent applied for would not violate either ordinance provision. It appears that the court below simply substituted its judgment for that of the Board of Adjustment on undisputed facts and ordinance provisions that are clear and unambiguous. That is an improper standard of review by the lower court.
The lower court was reviewing the action of the Board of Adjustment not on a trial de novo, but by review in the nature of certiorari review. Thus, the scope of review of the court below was whether the action of the Board of Adjustment afforded procedural due process, was supported by substantial competent evidence and whether it observed the essential requirements of law. City of Deerfield Beach; Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979); City of Ormond Beach v. State ex rel. Del Marco, 426 So.2d 1029 (Fla. 5th DCA 1983); Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982).
The respondent applied for a permit to permanently affix a vinyl awning or cover to the davits and lifts by which his sixteen-foot boat was supported over water. Section 706.01 of the petitioner’s Code of Ordinances provides that “no structures shall be erected or constructed beyond the established bulkhead or bulkhead line of any body of water except docks, davits and/or lifts.” Section 6-81.1 of the code provides that “no dock or wharf, pier or other structure ... shall be enclosed or covered by any means, either permanent or temporary.”
Since the court below applied an improper standard of review of the action of the Board of Adjustment, it thereby departed from the essential requirements of law. Accordingly, we grant certiorari and quash the order of the circuit court.
GRIMES, A.C.J., and SCHOONOVER, J., concur.