516 So.2d 1106 (1987)
CITY OF CLEARWATER, Petitioner,
v.
STUDEBAKER'S DANCE CLUB AND LAWRENCE H. Liebling, Respondents.
Lawrence H. LIEBLING, Petitioner,
v.
STUDEBAKER'S DANCE CLUB and city of Clearwater, Respondents.
Nos. 87-1839, 87-2001.
District Court of Appeal of Florida, Second District.
December 18, 1987.
*1107 Miles A. Lance, Asst. City Atty., Clearwater, for petitioner City of Clearwater.
Lawrence H. Liebling, Clearwater, pro se.
Leslie M. Conklin, of Larson, Conklin, Stanley & Probst, P.A., Clearwater, for respondent Studebaker's Dance Club.
RYDER, Judge.
In these consolidated petitions for writs of certiorari, the City of Clearwater (the City) and Lawrence H. Liebling seek review of an order of the circuit court, acting in its appellate capacity, which reversed an order of the Clearwater Community Relations Board (CCRB). We have jurisdiction. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). For the reasons stated below, we grant the petitions and quash the circuit court's order.
The record before us reveals that Liebling filed a charge with the CCRB against Studebaker's Dance Club (Studebaker's), alleging that Studebaker's had discriminated against him by denying his application for membership to its "Pink Ladies Club," a privilege of which was discounted prices for drinks. The charge further alleged that only female patrons of Studebaker's were allowed membership to the "Pink Ladies Club."
Based upon a stipulated statement of facts, the CCRB found that Studebaker's had violated Section 7B-12 of the City's ordinances, codified at section 99.11 of the City of Clearwater's Code, by discriminating against males with respect to the price *1108 of alcoholic beverages sold at that establishment. Section 99.11(a) provides, in pertinent part:
It shall be an unlawful discriminatory practice for any ... place of public accommodation, resort or amusement, because of the ... sex ... of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, that are afforded the other customers... .
The CCRB, therefore, ordered Studebaker's to discontinue the discriminatory practice.
Studebaker's appealed from that order to the circuit court. Although the record before us does not reveal what arguments were presented on appeal, the circuit court reversed the CCRB order for two reasons. First, the circuit court ruled that the Clearwater city ordinances violated article I, section 18 of the Florida Constitution to the extent that the ordinances empowered the CCRB to grant injunctive relief or to issue cease and desist orders. The circuit court further ruled that the challenged policy of Studebaker's, which it characterized as a "promotional scheme," was not unlawful discrimination and did not violate the City's anti-discrimination ordinances. While the circuit court found that Studebaker's policy discriminated between male and female customers, it determined that "[t]he design of the promotion is not to deny to males any advantage or enjoyment afforded to females, but rather to increase the enjoyment of the males by enticing the attendance of more females for the males to socialize with."
The City and Liebling timely filed these petitions for writs of certiorari. The City contends that the circuit court's ruling on the constitutionality of the City's ordinances was a departure from the essential requirements of law. Liebling contends that the circuit court departed from the essential requirements of law in holding that Studebaker's policy did not violate section 99.11(a) of the City's ordinances. We agree with both arguments.
While the circuit court's implicit ruling that the CCRB is not empowered to grant injunctive relief or issue cease and desist orders is correct, we nevertheless determine that the circuit court applied the incorrect law in ruling on the constitutionality of the City's ordinances. First, it was unnecessary for the circuit court to rule on the constitutionality of the City's ordinances since it had determined that Studebaker's had not violated the ordinances. See Stembridge v. Harwitz, 303 So.2d 85 (Fla. 3d DCA 1974) (court will not consider constitutional question where case may be decided upon other grounds). Second, as we read the City's anti-discrimination ordinances, the CCRB is not empowered to grant injunctive relief. We have not found any section of the ordinances which explicitly empowers the CCRB to grant injunctive relief. Further, in at least three sections of the ordinances, it is recognized that the parties must bring an action in equity in the circuit court to implement the CCRB's final administrative order. To the extent that the CCRB's order in the present case conflicts with the City's ordinances by ordering Studebaker's to discontinue its practice, the order, not the ordinances, is a nullity with no effect in law, unless and until implemented by a circuit court of competent jurisdiction. For these reasons, we hold that the circuit court departed from the essential requirements of law in ruling on the constitutionality of the City's ordinances.
Additionally, we hold that the circuit court applied the incorrect law in ruling that Studebaker's had not violated section 99.11 of the City's anti-discrimination ordinances. The circuit court's duty in reviewing the CCRB's order was to determine if there was competent, substantial evidence to support the order. Vaillant, 419 So.2d at 626. The evidence, which consisted solely of a stipulated statement of facts by the parties, reveals that Studebaker's discriminated against males with respect to its privileges, i.e., exclusively female membership to a club which offered discounted prices for drinks. Section 99.11(a) clearly and unambiguously proscribes such discrimination; therefore, Studebaker's violated the ordinance. Although the *1109 circuit court found that such discrimination was "innocuous" and actually designed to ultimately benefit males, such considerations are irrelevant to the determination of whether the ordinance was violated. Because the circuit court applied an incorrect standard of review of the CCRB's action, it thereby departed from the essential requirements of law. See City of Treasure Island v. Landt, 462 So.2d 124 (Fla. 2d DCA 1985). Finally, we note that Studebaker's vague attempts, in its response to Liebling's petition, to challenge section 99.11(a) as being overly broad are not properly raised for the first time in this court.
Accordingly, we quash the circuit court's decision and reinstate the order of the CCRB.
DANAHY, C.J., and LEHAN, J., concur.