522 So.2d 912 (1988)
TOWN OF BAY HARBOR ISLANDS, Appellant,
v.
John DRIGGS and Said Haddad, As Partners Comprising H.D.W. Partnership, Appellees.
No. 86-3177.
District Court of Appeal of Florida, Third District.
March 8, 1988.
Rehearing Denied April 25, 1988.
*913 Fine, Jacobson, Schwartz, Nash, Block & England and Stuart L. Simon and Stanley B. Price and Carter N. McDowell; Craig Sherman, Miami, for appellant.
Buchbinder & Elegant and Carolina A. Echarte and Ira M. Elegant, Miami, for appellees.
Before BASKIN, FERGUSON and JORGENSON, JJ.
*914 FERGUSON, Judge.
The Town of Bay Harbor Islands appeals from a final judgment holding a land use restriction ordinance procedurally and substantively unconstitutional. We reverse.
On March 14, 1977, the Town passed Ordinance 314 providing in pertinent part:
Section 1: That Section 1 of Ordinance 108 be and the same is hereby amended by adding thereto the following:
Parking Areas: Shall be limited to the ground level floor of a building; that said ground level floor shall have no exterior walls, shall be entirely open, with the exception of the building columns used to support such building, and to be used exclusively for the purpose of parking automobiles or other vehicles, whether such use is for a charge or fee, or without charge or fee, as an accommodation to users or occupants of the building. Construction of any other parking facilities shall be prohibited in the Town of Bay Harbor Islands.
Section 2: That Section 4 of Ordinance 108 be and the same is hereby amended by adding thereto Sub-section 10 as follows:
10. Open Ground Level Parking Lots and Open Ground Level Parking  Only open ground level parking lots and open ground level parking shall be permitted on any lot, parcel, portion of lot or group of lots in "RE" and "BAA" zoning districts.
The Town of Bay Harbor Islands is a suburban community located on two small islands in Biscayne Bay. The western island consists entirely of single family homes. This lawsuit involves the eastern island which is made up of mostly multi-family dwellings. The easterly island is approximately twelve blocks long and six blocks wide with a two block business district. Most of the business district buildings are only two stories; the tallest building is six stories. All buildings conform to the ground-level-only parking requirements of the ordinance.
More than five years after Ordinance 314 was enacted, the appellee Driggs  with knowledge of the ordinance  acquired rights to a parcel of land in the Town's business (BAA) district. Along with the land the appellee also acquired rights to certain architectural plans, already approved by the Town, for construction of a building in conformance with restrictions imposed by the ordinance.
This action was commenced in the circuit court on a complaint for declaratory relief filed October 31, 1984, which alleged in paragraph 18:
(iv) The Ordinance bears no reasonable relationship to the health, welfare, safety and morals of the citizens of the Town of Bay Harbor Islands;
(v) The Ordinance deprives the Plaintiffs of the beneficial use of their property, inasmuch as they are required to provide off-street parking but, in doing so, said off-street parking cannot extend beyond one story in height and the same must be open...;
(vi) The Ordinance violates Plaintiffs' rights of due process, in that it was enacted without notice being given to those eventually adversely affected thereby, and in fact, misleading notice was given to some residents of the Defendants... .
When a zoning ordinance is challenged on constitutional grounds, the burden is on the plaintiffs to show that the ordinance bears no reasonable relationship to the public welfare, health and safety, Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979), or that the zoning resolution is confiscatory. Metropolitan Dade County v. Greenlee, 224 So.2d 781 (Fla. 3d DCA 1969). The "fairly debatable" test is used to review legislative zoning enactments; the test requires that the findings and conclusions of the legislative body stand where supported by competent and substantial evidence. Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), affirmed, 419 So.2d 1041 (Fla. 1982).
Ordinance 314 was inspired by an organized group of 1,200 town residents, calling themselves the Concerned Citizens, *915 who submitted a petition to the town council requesting its enactment. There was competent and substantial evidence before the legislative body, from citizens, former and present law makers, and law enforcement officers, that the ordinance would protect the small town character of the community, prevent traffic congestion, and reduce the risk of crimes against property and persons. It was uncontradicted that the prohibition against multi-level enclosed parking facilities had not created a parking space shortage. Although the plaintiff showed by testimony that Ordinance 314 effectively denied him the maximum economic use of the property, he admitted that the land could be beneficially used for office development and parking.
First, a municipality properly exercises its police powers in promoting the safety, health and welfare of its citizens when it enacts legislation which regulates construction of multiple level parking garages, Rott v. City of Miami Beach, 94 So.2d 168 (Fla. 1957), limits the intensity of land use, Dade County v. Yumbo S.A., 348 So.2d 392 (Fla. 3d DCA), cert. denied, 354 So.2d 998 (Fla. 1977), and controls vehicular traffic in certain areas, City of Tampa v. Speth, 517 So.2d 786 (Fla. 2d DCA 1988).
On the second point, a zoning ordinance which denies an owner maximum profitable use of his land is not unconstitutionally confiscatory. The test for confiscation is whether "application of the zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property by precluding all use, or the only use, to which it is reasonably adapted... ." Forde v. City of Miami Beach, 146 Fla. 676, 681, 1 So.2d 642, 645 (1941).
Applying well-settled law we conclude that Ordinance 314 is not substantively unconstitutional.
On the procedural point the trial court held Ordinance 314 invalid and unconstitutional for failure to comply with section 166.041(3)(c)(2)(a), Florida Statutes (1976), which requires two advertised public hearings on a proposed zoning ordinance prior to its enactment. Although the court did not state how the failure occurred, the Town assumes, and appellee Driggs agrees, that the finding is addressed to an allegation that the time and place of a second public hearing was not announced.
Significant to our analysis is section 166.041(3)(a) which expresses the fundamental purpose underlying any requirement for notice. It provides that "[said] notice shall advise that the interested parties may appear at the meeting and be heard with respect to the proposed ordinance." (Emphasis added.)
"Essential to the requirement of due process is notice reasonably calculated under the circumstances and an opportunity to be heard." Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983) (citing Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Mullane, as we read it, makes "interest" a prerequisite to standing to contest the adequacy of a statutorily required notice:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those who are interested to make their appearance.
Mullane, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873 (citations omitted, emphasis added.)
Interest in an administrative or a judicial proceeding "generally means a concern which is more than mere curiosity or academic or sentimental desire." Unsatisfied Claim & Judgment Fund Bd. v. Concord Ins. Co., 110 N.J. Super. 191, 264 A.2d 757, 761 (1970). Interested persons for the purpose of an administrative hearing "are those who have a legally recognized private interest, and not simply a possible pecuniary benefit," First Nat'l Bank v. Oklahoma Sav. & Loan Bd., 569 P.2d 993, 996 (Okla. 1977), in the form of *916 legal rights or legal liabilities which may be enlarged or diminished by the official action. In re Estate of Clark, 79 Vt. 62, 64 A. 231 (1906).
Other courts have defined interested persons, for the purpose of legislative action affecting the status of land, as residents or landowners in the area. In Woodland Civic Association v. Brick Homes, Inc., 144 N.J. Super. 78, 364 A.2d 574 (1976), it was held that neighboring property owners were "interested persons" entitled to notice within the meaning of a statute relating to notice of hearing on an application for zoning relief. Consistently, it was held in Eaton v. Board of County Commissioners, 45 Ohio App.2d 316, 345 N.E.2d 87, 88 (1973), that persons who were neither residents, nor owners of any real estate in the territory sought to be annexed were not "interested persons" and thus not entitled to participate in an appeal from a decision of the board of county commissioners denying an annexation petition. In broadening the class of interested persons, to what is perhaps the outer limits, another court held that a prospective purchaser of land affected by a judicial action may be an interested person under certain circumstances. Helgesson v. Frank's Estate, 17 Or. App. 133, 521 P.2d 16, 21 (1974).
Addressing a challenge to the constitutionality of land use regulation on grounds that owners of adjacent properties outside the village's boundaries had not been noticed, a New York court held, in dismissing the petition, that persons who were not residents or property owners in the village were not aggrieved and thus had no status to institute such a proceeding. Wood v. Freeman, 43 Misc.2d 616, 251 N.Y.S.2d 996 (1964), affirmed, 24 A.D.2d 704, 262 N.Y.S.2d 431 (N.Y. App. Div. 1965).
In what must be interpreted as a pleading on standing, the appellee alleged in his complaint only that the Ordinance was enacted "without notice being given to those eventually adversely affected thereby," but without further allegations that he was an interested party for the purpose of pre-enactment notice. Whether the appellee was in fact an interested person at the time Ordinance 314 was enacted is, in our view, pivotal to the question whether he may claim that the notice was inadequate.
No authority is cited by the appellee, and we have found none, supportive of the proposition that adequate notice and an opportunity to be heard, before a zoning ordinance is enacted, is a procedural right which may be asserted by one who acquires an interest in the affected land several years after the ordinance becomes law. Considered in light of section 166.041(3)(a), and the case law construing similar enabling statutes, the proposition is also without a logical foundation.
The result reached herein is consistent with Renard v. Dade County, 261 So.2d 832 (Fla. 1972), which holds that any affected resident, citizen or property owner of the governmental unit has standing to challenge a zoning ordinance as not properly enacted. Although standing is not measured solely by whether a person is entitled to notice, an affected person is one who possesses a definite interest exceeding the general interest in community good shared in common with all citizens. Renard, 261 So.2d at 837. A practical interpretation of the case dictates that a person attacking the sufficiency of a zoning ordinance pre-enactment notice have a definite interest when the notice is published. For the purpose of standing to challenge a pre-enactment notice the law does not recognize an "eventually adversely affected" person.
Because the plaintiff did not own the land when the notice was published, and because the record does not show that he was a prospective purchaser of land in Bay Harbor, or a resident of the Town in February or March of 1977, or that he was otherwise an interested person when the ordinance was enacted, he lacks standing to complain that under the circumstances the notice given was not reasonably calculated to afford an opportunity to be heard.[1]
*917 We hold first that Ordinance 314 is not substantively unconstitutional. Second, even if there was a defect in notice, which is not shown by a complete record, the plaintiff lacked standing to challenge the ordinance on that basis.
Reversed.
NOTES
[1] In 1985, after this action was commenced, the Town enacted Ordinance 425 to correct any notice defect which might be found to exist in Ordinance 314. The new ordinance otherwise readopted and reaffirmed all the substantive provisions of Ordinance 314. In light of our holding  that the appellee had no standing to challenge a notice deficiency in the first ordinance  we need not decide whether either ordinance is procedurally infirm.