# MASON v BOARD OF ADJUSTMENT OF THE CITY OF TAMPA, et al.

Case No. 88-13688

Thirteenth Judicial Circuit, Hillsborough County

September 14, 1989

**APPEARANCES OF COUNSEL**

**Susan W. Fox,** for petitioner.

**Charlene V. Edwards,** for respondent.

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

### *ORDER DISMISSING PETITION FOR CERTIORARI AND DENYING MOTION TO STRIKE*

This matter came before the court on a Petition for a Writ of Certiorari, seeking the court's review of a decision by the Board of Adjustment of the City of Tampa. There, the court upheld a decision by the city's Zoning Coordinator. The court has reviewed the files, heard the arguments of counsel, conducted its own research and it otherwise fully advised in the premises.

When reviewing decisions by a Board of Adjustment, the court does not conduct a trial de novo. The scope of review is limited to:

1) whether the action of the Board of Adjustment afforded procedural due process;

2) whether the decision of the Board of Adjustment was supported by substantial competent evidence; and

3) whether the Board of Adjustment observed the essential requirements of law. *City of Treasure Island v Landt,* 462 So.2d 124 (Fla. 2d DCA 1985) and cited cases.

This court's review powers were delineated by the Florida Supreme Court in *Skaggs-Albertson's v ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978), which stated:*

> The circuit court, therefore, transcended the scope of its certiorari review by substituting its judgment for that of the local zoning authority. Because zoning or rezoning is the function of the appropriate zoning authority and not the courts, the circuit court was not empowered to disapprove the finding of the Board unless the record was devoid of substantial competent evidence to support the Board's decision. *Id.* at 1091.

Appellate courts have cautioned that circuit courts are to review the record in front of them—not to set themselves up as "super" zoning review boards. The rationale behind this stems from the doctrine of the separation of powers. Zoning decisions are to be left primarily in the hands of the legislative branch of the government, which is responsible to its constituents. *Town of Indialantic v McNulty,* 400 So.2d 1227 (Fla. 5th DCA 1981).

I. The action of the Board of Adjustment afforded the Petitioner procedural due process.

Procedural due process does not have a precise definition, although it involves the Petitioner's right to a fair adjudicative procedure. The elements of procedural due process have been summed up as: adequate notice of the basis for government action; a neutral decision maker; an opportunity to make an oral presentation to the decision maker; an opportunity to present evidence or witnesses to the decision maker; a chance to confront and cross-examine witnesses or evidence to be used against the individual; the right to have an attorney present the individual's case to the decisionmaker; a decision based on the record with a statement of reasons for the decision. Nowak, Rotunda and Young, *Constitutional Law* 499 (1977). Basically, fairness and impartiality are the fundamental guarantees of the due process clause.

"Essential to the requirement of due process is notice reasonably calculated under the circumstances and an opportunity to be heard." *Hernandez v Ward,* 437 So.2d 781 (Fla. 2d DCA 1983), citing *Mullane v Central Hanover Bank & Trust,* 339 U.S. 306 (1950). Reading the

29-page transcript of the June 13, 1988, hearing before the Board of Adjustment, there is ample evidence that all the above elements were present. Obviously, the Petitioner and the Respondent will have different opinions as to the result of the hearing. But the court cannot find, as a matter of law, that the Petitioner was denied procedural due process by the Board of Adjustment.

II. The decision of the Board of Adjustment was supported by substantial competent evidence.

The general rule is that courts will not disturb a decision of the zoning authority if there is sufficient, competent evidence to support the decision. *Sarasota County v Purser,* 476 So.2d 1359 (Fla. 2d DCA 1985), rev. denied 486 So.2d 597.

When there are conflicts in the evidence, the courts will apply the deferential "fairly debatable" test:

The "fairly debatable" test is used to review legislative zoning enactments; the test requires that the findings and conclusions of the legislative body stand where support by competent and substantial evidence. *Town of Bay Harbor Islands v Driggs,* 522 So.2d 912 (Fla. 3d DCA 1988), rev. denied 531 So.2d 1352.

An ordinance has been called fairly debatable by the courts when the question is open to dispute or controversy on grounds that make sense. Under this test, review by the circuit court is limited to determining whether a legitimate controversy existed before the zoning body. *Sarasota County,* 476 So.2d at 1362. The fairly debatable test asks whether reasonable minds could differ as to the outcome of a hearing. The test holds that if there is a legitimate difference, the court should uphold the zoning regulation. *Norwood-Norland Homeowners' Ass'n v Dade County,* 511 So.2d 1009 (Fla. 3d DCA 1987), rev. denied 520 So.2d 585. See also, *Marell v Hardy,* 450 So.2d 1207 (Fla. 4th DCA 1984).

In this case, the record provides ample evidence that a legitimate controversy existed as to the application of the term "lot of record" to Petitioner's property. The record also shows the Respondent had substantial, competent evidence before it when rendering its decision. Among the evidence was a memorandum from the zoning coordinator for the city, letters and testimony from neighboring property owners and oral argument by an attorney for the Petitioner.

The Petitioner argues that there is no legitimate basis for the determination of the zoning coordinator and the Board of Adjustment that the Petitioner's lot is not a lot of record. (Complaint for Writ of

Common Law Certiorari and for Declaratory Relief, p. 9). The court disagrees and finds there was a fairly debatable controversy. The court also finds the Board of Adjustment's denial of the Petitioner's request was substantiated by competent evidence. Therefore, the Board of Adjustment's denial was not arbitrary, discriminatory or unreasonable.

III. The Board of Adjustment's decision comports with the essential requirements of law.

The Petitioner has argued that the Board of Adjustment departed from the essential requirements of law when it refused to grant a variance to the Petitioner. (Complaint for Writ of Common Law Certiorari and for Declaratory Relief, p. 8).

Zoning regulations have a presumption of validity. Unless the zoning authority abused its discretion by arbitrarily and unreasonably applying the ordinance to this particular piece of property, the regulation and the Board of Adjustment's decision must stand. *Sarasota County, supra.* The courts will not interfere with zoning decisions unless those decisions are arbitrary, discriminatory or unreasonable. *BML Investments v City of Casselberry,* 476 So.2d 713 (Fla. 5th DCA 1985), rev. denied 486 So.2d 595.

While the court may have decided the matter differently had it been the decision maker in this instance, it cannot, as a matter of law, find that the Respondent departed from the essential requirements of law.

### CONCLUSION

The Petitioner has, in essence, asked this court to substitute its judgment for that of the Board of Adjustment. To do so would depart from the essential requirements of law. In *City of Hollywood v South Broward Hosp. Dist.,* 504 So.2d 1308 (Fla. 4th DCA 1987), rev. dismissed 513 So.2d 1063, the circuit curt granted a special exception to a property owner who had been denied such an exception in a hearing before a city zoning board. In quashing the circuit court's decision, the appellate court held that the lower court had departed from the essential requirements of law when it reweighed the evidence and substituted its own judgment for that of the city.

Regardless of the court's opinion as to the merits of this particular case, the directions from the appellate courts are clear. "In a certiorari proceeding the circuit court has no zoning powers but can only review the administrative record of the agency that has such powers." *Battaglia Fruit Co. v City of Maitland,* 530 So.2d 940, 943 (Fla. 5th DCA 1988), cause dismissed 537 So.2d 568. It is therefore:

ORDERED AND ADJUDGED:

167

1. The Petition for a Writ of Common Law Certiorari is dismissed.

The Motion to Strike the City of Tampa's memorandum of law in response to the question regarding Exhibit K of the record is denied in light of the above decision.

DONE AND ORDERED in Chambers in Tampa, Hillsborough County, this 14th day of September, 1989.