588 So.2d 666 (1991)
Mohan BHOOLA, Appellant,
v.
CITY OF ST. AUGUSTINE BEACH, Florida, Appellee.
Nos. 91-118, 91-123.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
George M. McClure of McClure and Whiteman, St. Augustine, for appellant.
David G. Conn of Conn and Christine, P.A., St. Augustine, for appellee.
HARRIS, Judge.
In 1988 Mohan Bhoola (Bhoola) purchased property in St. Augustine Beach zoned R-2. Historically the R-2 zoning included hotels and motels. However, in 1985  without compliance with the statutory notice requirements and without holding the statutorily required public hearings  the city purported to enact an ordinance deleting hotels and motels from the permitted uses in R-2 zones.
In 1990 Bhoola's application for a permit to build a hotel was denied. He sought relief in court but, on the motion of the city, his action was dismissed with prejudice on the ground that since Bhoola didn't own the property when the purported amendment was made, he lacks standing to complain about the procedural defects regarding the amendment. The trial court relied on Renard v. Dade County, 261 So.2d 832 (Fla. 1972) and Town of Bay Harbor Island v. Driggs, 522 So.2d 912 (Fla. 3rd DCA 1988), rev. denied, 531 So.2d 1352 (Fla. 1988). Because we find that the court *667 misinterpreted Renard and improperly relied on Driggs, we reverse.
This is not merely a procedural (notice) problem; this case involves a jurisdictional issue and fundamental constitutional rights.
First, the city's purported amendment is not voidable  it is void. Daytona Leisure Corp. v. Daytona Beach, 539 So.2d 597 (Fla. 5th DCA 1989). The city had no authority to enact the ordinance without complying with the statutorily mandated notice and public hearings requirements. It is as though the ordinance does not exist.
The supreme court in Renard held that any "affected resident, citizen or property owner" could challenge an ordinance as void because not enacted in accordance with law. There is no requirement in Renard that the challenging party must have been a resident, citizen or owner at the time of the purported enactment. The attempt to enforce a void ordinance, extends its evil far beyond its original purported enactment. A late arriving owner is no less affected by the enforcement of a void (nonexistent) ordinance than had he been present a lifetime. He is being denied the right to use his property in a way permitted by all legal city restrictions. He has standing.
The trial court understandably relied on Driggs but Driggs simply focused on the wrong problem. The owner is not complaining that he did not receive notice (he was not entitled to notice because he was not a resident at the time of the purported enactment). He complains that no one was given notice and an opportunity to be heard. Had those then entitled to notice received it and the public hearings held, the present owner would not be heard to complain that he did not receive notice. But had the statute been complied with, someone in his position could have argued against the ordinance. He can complain that the city, by failing to comply with the law then, is now attempting to enforce against him a void ordinance. The present owner is only affected by the lack of notice to the prior owner because that renders the ordinance void. The lack of notice (as well as the failure to hold the required public hearings) merely caused the problem. The problem is that the city is attempting to enforce a void ordinance against its present citizens. Anyone against whom the void ordinance is asserted is affected.
To accept the Driggs analysis would mean that the city could enforce its void ordinance against one property owner because he bought a day after its purported enactment but not against his next door neighbors who purchased a week earlier. Not only would this be unreasonable but it also raises equal protection concerns.
REVERSED and REMANDED for further proceedings consistent with this opinion.
COBB, J., concurs.
GRIFFIN, J., concurs in result only.