735 So.2d 527 (1999)
AMERICAN RIVIERA REAL ESTATE COMPANY, Appellant,
v.
The CITY OF MIAMI BEACH, Appellee.
No. 98-3159.
District Court of Appeal of Florida, Third District.
May 19, 1999.
Rehearing Denied July 21, 1999.
*528 Bilzin Sumberg Dunn Price & Axelrod and Stanley Price, Miami, for appellant.
Murray H. Dubbin and Robert Dixon and Debora J. Turner, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
American Riviera Real Estate Co., the plaintiff below, appeals a final order dismissing with prejudice its complaint against the City of Miami Beach. We affirm.
American Riviera sought to challenge a decision by the City's zoning board concerning an application of and design approval for new construction near American Riviera. Appeal from such a quasi-judicial land use decision can only be accomplished by filing a petition for writ of certiorari in the circuit court within thirty days of the rendition of the order to be reviewed. See Fla.R.App. P. 9.020(a)(3), 9.100(b)-(c), 9.190(b) & advisory committee's note; Park of Commerce Assocs. v. City of Delray Beach, 636 So.2d 12, 15 (Fla.1994); Board of Comm'rs v. Snyder, 627 So.2d 469, 474 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945, 945 (Fla. 4th DCA 1995).
Here, American Riviera failed to file a petition for certiorari in the circuit court to review the board's decision. Even still, after concluding an administrative appeal with the City's Special Master, American Riviera again failed to file a petition for certiorari to review the Special Master's decision.[1] Instead, American Riviera filed a complaint in the circuit court seeking declaratory and injunctive relief some four months after the board's decision. Accordingly, the trial court was correct in dismissing the complaint for lack of subject matter jurisdiction.
Affirmed.
NOTES
[1] Evidenced by its apparent timely appeal to the City's Special Master, American Riviera necessarily had notice of the board's decision so as to file for review in conformity with the procedural requirements of Fla. R.App. P. 9.020(a)(3), 9.100(b)-(c).