965 So.2d 330 (2007)
MARION COUNTY, Florida, et al., Appellants,
v.
Michelle KIRK, Appellee.
No. 5D06-3701.
District Court of Appeal of Florida, Fifth District.
September 21, 2007.
*331 Thomas L. Wright, County Attorney, and Thomas D. MacNamara, Chief Assistant County Attorney, Ocala, for Appellant Marion County.
Michael P. Donaldson and Christine R. Davis of Carlton Fields, P.A., Tallahassee, and Michael E. Dean of Dean & Dean, LLP, Ocala, for Appellant C & K Investments.
No Appearance for Appellee.
PALMER, C.J.
Marion County and its Board of County Commissioners (BCC) appeal the trial court's order granting appellee Michelle Kirk's petition for a writ of mandamus, thereby compelling BCC to comply with the notice requirements of its land development code and reconsider its grant of a special use permit. Determining that Kirk was not legally entitled to receive mandamus relief in this matter, we reverse.
BCC approved an application for a special use permit which allowed C & K Investment, Inc., to develop and operate a sand mine. Kirk responded by filing a petition in the circuit court seeking a writ of mandamus against BCC. The petition alleged that BCC failed to comply with the mailing requirements related to the proposed special use permit with respect to at least four adjacent landowners. The petition requested the circuit court to issue a writ of mandamus requiring BCC to comply with its notice rules and to reconsider the special use permit application.
The trial court conducted an evidentiary hearing on Kirk's petition. During the hearing, the zoning director for Marion County testified that special use permit applications are processed consistent with the requirements of the Land Development Code. The Land Development Code provides for and defines due public notice as follows:
Publication of notice shall be given at least ten days prior to said meeting in a newspaper of general circulation in the County. Due public notice for public hearings of the Zoning Commission and the Board of County Commissioners for rezoning of property shall include mailed *332 written notice to all owners of property within 300 feet of the boundaries of the property subject to rezoning whose address is know by reference to the latest ad valorem tax records and to all parties of interest who timely request such notice in writing to the Zoning Director.
The zoning director explained that a staff member maps the property owners who live within 300 feet of the proposed projects and the zoning department then creates a mailing list for those owners. The zoning director's office thereafter prepares the notices for placement in the U.S. mail. The Municipal Service Taxing Unit (MSTU) handles all of the mailing for the county and mails the notices to those persons on the mailing address list. The director testified that his office complied with these procedures and, to the best of his knowledge, the notices were mailed.
Upon review, the trial court granted Kirk's mandamus petition concluding that, although the mapping specialist testified that she delivered the notices to the MSTU, there was no testimony that it was ordinary and usual for the MSTU employees to mail out the notices. The trial court did note that the zoning director testified that he and the employees of his office did their job on a timely basis and in the ordinary scope of their employment, and that they followed the rules that bind them.
Marion County, joined by C & K Investment, filed a timely motion for rehearing and attached affidavits prepared by the director of MSTU and the deputy clerk of the circuit court to the motion. In his affidavit, the director averred that MSTU is responsible for all mailings for nine county departments, including the zoning department, and that all notices to surrounding property owners with respect to the public hearing at issue were mailed. The deputy clerk averred that she was present at that public hearing, that a petition opposing the proposed special permit was presented at that meeting, and that the second signatory on the petition was Kirk. The petition listed, on its face, the time and place of the public meeting (hence showing that Kirk had actual notice of the meeting). The trial court refused to consider the affidavits and denied the motion for rehearing. This appeal followed.
Mandamus is a discretionary writ, awarded, not as a matter of right, but in the exercise of sound judicial discretion. Therefore, this court reviews the trial court's order for an abuse of discretion. Wright v. Frankel, 32 Fla. L. Weekly D97, 2006 WL 3780671 (Fla. 4th DCA Dec.27, 2006). Here, the trial court abused its discretion in granting Kirk mandamus relief.
Mandamus is an inappropriate remedy under the facts presented in this case because rulings of a board acting in its quasi-judicial capacity are subject to review by certiorari. See Bd. of County Comm'rs. of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla.1993). When a matter is open to review by certiorari, mandamus is an inappropriate remedy. Mellon v. Cannon, 482 So.2d 604, 604 (Fla. 5th DCA 1986). Accordingly, we reverse the trial court's grant of the writ of mandamus and remand for further proceedings consistent with this opinion.
In closing, we note that, even if the mandamus petition had not been procedurally improper, it would still have been erroneously entered since the trial court improperly disregarded the presumption of routine practice in mailing notices prepared by the county and delivered to MSTU for mailing. See § 90.406, Fla. Stat. (2006). Furthermore, the grant of mandamus relief was not proper because the affidavits attached to Marion *333 County's motion for rehearing conclusively established that the notices were properly mailed, thereby curing any deficiencies the trial court discerned. Generally, a court presented with evidence on timely rehearing that cures the basis for its earlier ruling abuses its discretion in entering an order denying rehearing. See Huet v. Tromp, 912 So.2d 336 (Fla. 5th DCA 2005)(citing Nat'l Enter., Inc. v. Martin, 679 So.2d 331 (Fla. 4th DCA 1996)). See also Crouch v. Crouch, 898 So.2d 177, 184 (Fla. 5th DCA 2005).
REVERSED AND REMANDED.
SAWAYA, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent because the trial court did not abuse its discretion. At the scheduled hearing on the petition on August 2, 2006, the County represented to the court that it was prepared to go forward with the hearing to prove that notification as required by the County Code was given to all property owners within 300 feet. The County offered witnesses to show how the 300 feet was calculated, identification of the property owners in that 300 feet and the procedure followed for notification of all property owners, including Petitioner, Kirk. These witnesses all testified, however, that once the notices are prepared, they send them to another department, the Municipal Service Taxing Unit, which "does all the mailing for our County." There was no evidence offered of what happens to notices after they are sent to the mailing department. The trial court reviewed all the evidence at the close of the hearing and then explained his ruling:
THE COURT: Now, what was lacking in the testimony? What was lacking was that in the ordinary course and scope of doing these things, that it was ordinary and usual that the MSTU people always mailed these things out. You could sort of rely on that, sort of like you tacitly understand, when you get into your car and there's gas in it and you turn the key on and the battery is working, that the doggone thing is going to crank up and go.
That was not present here. We got right up to the MSTU, and then the evidence stopped. And for that reason, I grant the Writ of Mandamus and require that there be a renotification.
This was a proper decision for the judge to make based on the evidence presented.
The County then filed its motion for rehearing in which it claimed that due to "irregularities" in the mandamus proceeding on the part of the trial court, such as the failure to issue an order to show cause, the County had been "unprepared" at the hearing. The trial court rejected this argument. The court further expressly found that the County's lack of preparation was not grounds to change the decision on rehearing because the County failed to show it had exercised due diligence in preparing for the hearing. These are findings appropriate for the court to make and based on these findings, there could be no abuse of discretion in denying the motion for rehearing.
Finally, the question whether this was properly a mandamus proceeding does not make this decision reversible. The County did have a mandatory, ministerial duty to provide notice to all property owners within 300 feet and to conduct a hearing only after proper notice was given. Since the assertedly improperly noticed hearing had already been conducted, arguably another writ, such as prohibition, would have been more apt. One thing is for sure, however, this did not have to be brought as a certiorari review of the County's approval of the *334 special use permit. Cf. Bhoola v. City of St. Augustine Beach, 588 So.2d 666 (Fla. 5th DCA 1991). Consistent with the provisions of Florida Rule of Civil Procedure 1.630 and Florida Rule of Appellate Procedure 9.040(c), the correct denomination of the writ is not essential. Courts should, and indeed, this court generally does, treat the application for any extraordinary writ as what it ought to be.
It does appear that a more correct result would have been reached if the trial judge had exercised his discretion to grant rehearing and had taken further evidence on the County's procedure for mailing of notice and Ms. Kirk's actual knowledge of the hearing, but this is a decision allocated to the trial court, not to us.