# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-673
Lower Tribunal No. 13-38696
_____

**Key Biscayne Gateway Partners, LTD.,**
Appellant,

vs.

**Village Council for The Village of Key Biscayne,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley and Pedro P. Echarte, Jr., Judges.

Hall, Lamb, Hall & Leto and Matthew P. Leto, Andrew C. Hall and Vanessa Palacio, for appellant.

Weiss Serota Helfman Cole & Bierman and Laura K. Wendell and John Quick and Elizabeth K. Coppolecchia, for appellee.

Before SUAREZ, LAGOA and SALTER, JJ.

SALTER, J.

Key Biscayne Gateway Partners, Ltd. ("Gateway"), and its trial court counsel (Michael A. Winkleman, Esq.), appeal three orders awarding attorney's fees as a sanction under section 57.105, Florida Statutes (2016), to the appellee, the Village Council for the Village of Key Biscayne, Florida ("Village"). We reverse and vacate each of the orders below.[1]

The issues presented are whether Gateway's petition for mandamus to compel the Village to approve a proposed site plan was so unsupported by material facts or then-existing law as to warrant sanctions under section 57.105, and whether the trial court's orders contained the requisite findings to that effect.

Gateway owns a parcel of land within the Village of Key Biscayne. It applied to the Village for approval of a site plan and conditional use approval to permit development of the property as a Walgreens pharmacy store. In February 2014, the Village approved the site plan, but with a condition requiring a limitation of cross-access to the property from an adjacent commercial property to pedestrians, bicycles, and golf carts. Gateway filed an amended petition for mandamus in the circuit court alleging that the Village's site criteria were satisfied

---

[1] The first order, entered November 24, 2014, reserved ruling but determined that the Village's motion for sanctions would be decided based on the results of an appeal to this Court of the trial court's dismissal order. Following this Court's affirmance of the dismissal order, Key Biscayne Gateway Partners, Ltd. v. Village of Key Biscayne, 172 So. 3d 499 (Fla. 3d DCA 2015), the trial court entered orders on entitlement to sanctions (February 4, 2016) and amounts payable (February 23, 2017). Gateway and its counsel appealed all three orders.

2

by Gateway's application and that there was no legal basis for restricting access to the property by vehicles from the adjacent commercial plaza.[2] Gateway simultaneously filed a petition for writ of certiorari in the appellate division of the circuit court challenging the access restriction conditionally imposed by the Village.

In response, the Village moved to dismiss the amended petition for mandamus with prejudice on the grounds that the Village Council heard the site plan application as a quasi-judicial body, such that Gateway could not allege a non-discretionary, ministerial duty to approve the application without the cross-access condition. The Village relied on Florida appellate decisions, including American Riviera Real Estate Co. v. City of Miami Beach, 735 So. 2d 527 (Fla. 3d DCA 1999), Board of County Commissioners v. Snyder, 627 So. 2d 469 (Fla. 1993), and Marion County v. Kirk, 965 So. 2d 330 (Fla. 5th DCA 2007), holding that appeals from quasi-judicial land use decisions are properly and exclusively brought as a petition for certiorari rather than for mandamus.

The Village also argued that Gateway was estopped from seeking relief in mandamus, as Gateway's simultaneously-filed petition for certiorari relief in the appellate division of the circuit court affirmatively alleged jurisdiction under

---

[2] Gateway had filed a petition for mandamus before the February 2014 hearing on other grounds, and the Village had moved for dismissal. After the site plan hearing and conditional approval, Gateway amended its petition.

3

Florida Rule of Appellate Procedure 9.100(c)(2) (applicable to petitions for review of "quasi-judicial action of agencies, boards, and commissions of local government . . . ."). Gateway opposed the motion, arguing (among other points) that a federal decision applying Florida law, Disser v. City of Tampa, 2013 WL 3975759 (M.D. Fla. July 31, 2013), supports the use of mandamus to compel the issuance of a permit where the conditions for issuance have been satisfied.[3] The decision considered an argument by the defendants that certiorari, not mandamus, was the "proper mechanism to review a quasi-judicial proceeding," requiring dismissal of the petition for mandamus. Id. at *6. The court rejected that argument:

> However, certiorari review is limited to determining whether procedural due process was provided, the essential requirements of law were observed, and competent substantial evidence supported the City's decision to deny Plaintiffs' permit application. Those certiorari matters are not challenged in Plaintiffs' petition for mandamus relief. Instead, Plaintiffs' petition contends Defendants have a ministerial duty under the Code to issue the permit; this matter is properly considered on mandamus. Town of Manalapan v. Rechler, 674 So. 2d 789, 790 (Fla. 4th DCA 1996) (mandamus is used to compel performance of ministerial duties, meaning "there is no room for the exercise of discretion, and the performance being required is directed by law."). The Court therefore disagrees that certiorari, rather than mandamus, relief is the proper relief.

---

[3] In Disser, the plaintiffs sought mandamus to compel the City of Tampa to issue a special use permit for an alcoholic beverages classification. They also sought certiorari, as well as declaratory and monetary relief. The court held that mandamus would be a proper form of relief, save for the plaintiffs' inability to allege an essential fact regarding the public hearings. Although decisions of federal district courts are not binding upon a state court, they are "persuasive if well reasoned." State v. Dwyer, 332 So. 2d 333, 335 (Fla. 1976).

4

Id.

The Village prepared and served a motion for sanctions on Gateway alleging that Gateway's position was contrary to well-settled law, and thus sanctionable under section 57.105(1) if not withdrawn within the 21-day "safe harbor" period specified in section 57.105(4). Gateway did not voluntarily dismiss the mandamus petition within that period. The trial court dismissed the mandamus petition with prejudice, and Gateway appealed that order to this Court. The Village then filed the motion for sanctions and set it for hearing in the trial court.

The trial court reserved ruling on the sanctions and did not enter any findings under section 57.105. The order on the motion for sanctions (November 24, 2014) specified that the motion would be granted if the Village prevailed in Gateway's appeal to this Court from the dismissal with prejudice of Gateway's petition for mandamus, or denied if Gateway prevailed in that appeal.

Gateway's appeal regarding the dismissal of the petition for mandamus was briefed and this Court heard oral argument. During the argument, a member of the panel referred to Gateway's "compelling argument," and counsel for both parties and the Court discussed a number of Florida decisions regarding plat and site plan approvals, as well as the limits of certiorari as a remedy. The Village conceded that, in a case in which all site plan conditions for approval were satisfied and yet the Village imposed a condition outside the boundaries of the applicable ordinances (though this latter point was in contention in the the case before the

5

Court), mandamus would be available. Gateway argued that the Village's imposition of the cross-access condition was outside the legal parameters of the site plan approval process, and thus not a proper subject for quasi-judicial consideration.

This Court ultimately rejected Gateway's arguments. We affirmed in a written opinion, Key Biscayne Gateway Partners, Ltd. v. Village of Key Biscayne, 172 So. 3d 499 (Fla. 3d DCA 2015), holding that (a) mandamus will only lie to command the performance of a ministerial act, and (b) the Village's hearing and decision constituted quasi-judicial fact-finding and an exercise of its discretion.

On remand, the Village renewed its motion for sanctions against Gateway and its counsel under section 57.105. The Village reminded the trial court that its 2014 order had already ruled that sanctions would be awarded if its dismissal order was affirmed on appeal (the trial court had announced, at the 2014 hearing, "So that way you don't have to reargue this"). The trial court then entered its orders on entitlement and amount, and this appeal followed.

Analysis

Gateway argued in the trial court, as it has contended here, that certiorari is not an adequate legal remedy, "because it may just end up with the Court quashing the order, in which case, [Gateway] may just start back at square one in front of the same Village Council who has been systematically working to deprive them on

6

[sic] their established property rights." This inherent limitation in the scope of relief available in certiorari has also been described by the Supreme Court of Florida:

> An appellate court has no power in exercising its jurisdiction in certiorari to direct the respondent to take any particular action. It can only quash the order or decision under review and remand for further proceedings. See Broward County v. G.B.V. International, Ltd., 787 So. 2d 838, 844 (Fla. 2001).

Miami-Dade Cty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 198 n.2 (Fla. 2003).

An analysis of the briefing and oral argument regarding the viability of the mandamus claim in the record before us does not demonstrate a lack of good faith on the part of Gateway or its counsel. The claim for mandamus was presented to the trial court with a "good faith argument for the extension . . . of existing law"—based on cases such as Disser and City of Lauderdale Lakes v. Corn, 427 So. 2d 239 (Fla. 4th DCA 1983), and particularly given the shortcomings of certiorari relief—and "with a reasonable expectation of success."[4] That Gateway's argument did not succeed does not of itself demonstrate the level of frivolousness or lack of good faith demanded by section 57.105.

Such an order must also make written findings "as to whether the action was completely lacking in any justiciable issue of law or fact." Avis Rent A Car

_____

[4] § 57.105(3)(a), Fla. Stat. (2016).

7

<u>Systems, Inc. v. Newman</u>, 641 So. 2d 915, 915 (Fla. 3d DCA 1994). This the orders before us did not do. Simply conditioning sanctions on the success or failure of an appeal from the order of dismissal is insufficient to support the orders in the present case.

The orders under review are reversed and remanded, with directions to the trial court to vacate the orders awarding sanctions against Gateway and its counsel.