G. ADOLPHUS, *Appellant*, v. H. H. BASKIN ET AL., AS CITY COMMISSION FOR CITY OF CLEARWATER, *Appellees*.

Division B.

Opinion Filed March 28, 1928.

*J. C. Davant*, Attorney for Appellant;

*M. H. Jones, McMullen & McMullen* and *Kelly & Casler*, Attorneys for Appellees.

BUFORD, J.—The City Commission of the City of Clearwater, proposing to let a contract for the erection of a certain municipal building and jail addition at a designated place, procured competent architects to prepare plans and specifications for such building, and, acting through the

City Manager, published a notice calling for bids for the construction of said building to conform to the plans and specifications so prepared and on file. The notice required certain conditions to be met and certain things to be done as incident to the filing of bids to erect the building. Some eight different persons, firms and corporations presented bids for the construction of the building according to the plans and specifications referred to.

It is alleged that B. F. Walker & Son were able, efficient and responsible contractors and that they met all conditions required to be met by contractors in and about presenting their bid and that they bid and offered to construct the building in accordance with the plans and specifications for the sum of $45,960.00. That among others bidding to construct the building in accordance with plans and specifications as required, was one George F. Gillespie, who bid and offered to construct the building according to the plans and specifications for the sum of $53,221.00. That although the bid of Gillespie was $7,261.00 or more than 15% above the bid submitted by B. F. Walker & Son, the City Commission awarded the contract to Gillespie and entered upon the official minutes of the Commission that the contract was awarded to Gillespie because ''he is a local man, will use local contractors and local labor and will patronize local supply houses.''

A tax payer, feeling aggrieved at this action by the City Commission, filed a bill to enjoin the City Commission from making and entering into and from signing and executing a contract with Gillespie for the doing and performing of the work contemplated in the notice, and for which the bid was made, and from permitting him entering upon the property and undertaking to build the said building under his said bid.

A temporary restraining order was granted. Later on

coming in of demurrer and motion to dissolve the restraining order, an order was made sustaining the demurrer, dissolving the restraining order and dismissing the bill.

The demurrer admits the allegations of the bill which are well pleaded.

It is, therefore, admitted that Walker & Son were responsible bidders, that they were ready, willing and able to construct the building in accordance with the plans and specifications which had been adopted and that the only reason or cause which actuated the Commission in its attempt to award the contract to Gillespie was that as stated in the face of the minutes heretofore quoted.

Section 10 of Chapter 9710, Laws of Florida, being the Charter Act of the City of Clearwater, provides for the appointment of a City Manager; Section 29, among other things, provides that the City Manager shall be purchasing agent of the City and further provides "But in any case if an amount in excess of $200.00 should be involved, opportunity for competition shall be given." There appears to be nothing in the City Charter which requires the City Commission to let contracts for public work to the lowest responsible bidder, but the *reasonable* exercise of power by municipal governmental authorities is always required as a matter of public policy and fidelity to public trust. The allegations of the bill of complaint, which are admitted to be true, show that the proposed awarding of the contract to Gillespie was solely because of advantages which would accrue to particular members of the community and which would accrue to them as individuals and the practical result of such awarding of the contract was to unnecessarily deplete the public fund in the sum of $7,251.00 for the personal benefit of those individuals who would be benefited by the contract being let to that particular bidder.

606

The substantial rights of tax payers would be materially affected by this exercise of authority.

Unreasonable action taken under color of authority that materially affects substantial rights of persons and of tax payers is contrary to the principles upon which our system of government is founded. See Willis v. Special Road & Bridge District, 73 Fla. 446, 74 Sou. 495; Autuono v. City of Tampa, 87 Fla. 82, 99 Sou. 324.

The order dissolving the temporary injunction sustaining the demurrer and dismissing the bill of complaint should be reversed and the cause remanded for further procedure not inconsistent with this opinion, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.