COWART, Judge.
This case involves the legality of a municipal bidding ordinance giving a local preference to bidders whose principal place of business is within the municipality.
Section 7 of Ordinance No. 1980-9 of the City of Port Orange in Volusia County, Florida, provides:
In the purchase of, or contract for personal property or contractual services, the City Council may give a preference in amount not to exceed 3% of the bid price to local persons, firms, or corporations .. . Local persons, firms, or corporations shall be defined as those whose principal place of business is located within the municipal boundaries of the City of Port Orange, County of Volusia, Florida ....
Pursuant solely to this provision appellant-City of Port Orange voted to award a construction contract to Scott and Jobalia, Inc., a local bidder, rather than to appellee-Leechase Corporation, the lower non-resident bidder. In an action filed by appellee the trial court held the local preference provision of the ordinance invalid as against public policy and enjoined the city from awarding the contract to anyone other than appellee. The city appeals. We reverse.
In the absence of public policy established by some prohibition in the state or federal constitutions, or in a state statute, including the charter of the city, the determination of whether or not a local bidding preference, such as is given by the above ordinance, is, or is not, in the best interests of the city, is a purely legislative decision, to be made by the legislative branch of the city by ordinance, and should not be overturned by the judicial branch of government.[1]
This is an entirely different matter than where, in the absence of a specific ordinance or statute adopted pursuant to legislative discretion, a governmental agency acts in a purely executive function in a specific instance to give a preference to a local bidder or anyone else or to otherwise act in an unreasonable, arbitrary and capricious manner. The reason is that while the judicial branch must defer to the legislative discretion except as it violates organic law, it is one of the duties of the judicial branch *536 to protect the public from the unreasonable and arbitrary exercise of the power of the executive branch of government. This distinction is absolutely essential to a correct understanding and effectuation of the separation of powers doctrine and of the “check and balance” concept of our form of government. This distinction at once distinguishes and explains Adolphus v. Baskin, 95 Fla. 603, 116 So. 225 (1928), and Marriott Corp. v. Metropolitan Dade County, 383 So.2d 662 (Fla. 3d DCA 1980), although the co-existence of the legislative function and executive function in one governing body in city and county government tends to confuse thinking in this area as it does in zoning matters.[2] This distinction is the underlying reason why Judge Baskin in Marriott could not agree that action of the Board of County Commissioners of Dade County in awarding a contract to a local firm which was not the lowest bidder (an executive function act) did not implicitly overrule a permanent resolution (ordinance) providing for competitive bidding but no local preference, which had been previously adopted by the same Board of County Commissioners acting in its legislative function. Governmental policy properly adopted as legislative action becomes a rule of law. The reasonable, uniform and equal application by the executive function of that rule of law to specific instances and cases is properly reviewable by the judicial branch, whereas the wisdom of the original legislative action establishing the rule of law is not.
The trial court’s order enjoining appellant from awarding a construction contract to anyone other than appellee-Leechase Corporation is reversed and the cause is remanded with directions to dismiss this case.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.

. A local preference provision in a local government bidding ordinance appears to be but a local application of the same national public policy inherent in “buy American” laws. For example, the federal 1982 gas tax act requires that cement used in federally funded projects be 100% American-made, unless domestic cement would raise the project cost by 25%. The Wall Street Journal, March 10, 1983 at 33, col. 3.

. See generally Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), aff’d, 419 So.2d 1041 (Fla.1982), and the concurring opinion in City of New Smyrna Beach v. Barton, 414 So.2d 542 (Fla. 5th DCA 1982), cert. denied 424 So.2d 760 (Fla.1982).