SHARP, Judge,
dissenting.
I respectfully dissent in this case because I cannot agree that a legislative body or an executive body can do an act which our state supreme court has held to be unreasonable and arbitrary and contrary to this state's public policy merely because an ordinance permits it to be done. The ordinance, just as the act itseif, would be unreasonable and arbitrary. Thus, the existence of an ordinance provides no platform or shield upon which to justify awarding a contract to a higher bidder solely because that bidder is a local resident.
Adolphus v. Baskin, 95 Fla. 603, 116 So. 225 (1928), holds that the selection of a bidder who was not the lowest, because he was “local,” violated public policy, even though the court noted there was nothing in the Clearwater City Charter which required the City to award contracts to the lowest responsible bidder. The Court held that the award of a contract to a higher bidder, just because the bidder was local, was arbitrary and unreasonable:
[T]he practical result of such awarding of the contract was to unnecessarily deplete the public fund in the sum of $7,261 for the personal benefit of those individuals who would be benefited by the contract being let to the particular bidder. The substantial rights of taxpayers would be materially affected by this exercise of authority.
Unreasonable action taken under color of authority that materially affects substantial rights of persons and of taxpayers is contrary to the principles upon which our system of government is founded.
Id. 116 So. at 225.
If a city not bound by competitive bidding requirements cannot award a public contract to a higher bidder because it is local, because that is unreasonable and arbitrary, it follows that an ordinance allowing such selection is also unreasonable and arbitrary. Can a city do an unreasonable and arbitrary act by ordinance if it cannot do it by choice?
*537 In Marriott Corporation v. Metropolitan Dade County, 383 So.2d 662 (Fla. 3d DCA 1980), the court relied on the reasoning in Adolphus in voiding an airport service contract award to a business because it was “local”, although not financially the lowest bidder. Dade County was bound by resolutions requiring competitive bidding, and thus the award violated the resolutions. Judge Baskin, however, also relied on the public policy argument voiced in Adolphus in finding the award was an abuse of discretion.
The result of the majority opinion is far-reaching, and I think, extremely harmful to this state’s economic well-being. It will allow each community or city to pass ordinances favoring local businesses. What city council or county commission can resist the pressure to retaliate by passing local preference ordinances when surrounding communities do so? We will see Orange County pitted against Volusia and Daytona against Melbourne. The losers will be the taxpayers who will not be getting the best and the most for their tax dollar. I think this case conflicts with Adolphus, and that it involves a question of great public importance that should be answered by our Florida Supreme Court, Art. V, § 3(b)(4), Fla.Const.: The legality of a local ordinance that awards a contract to a higher bidder solely because that bidder is a local resident.