**J.A. CROSON COMPANY, Appellee,**

v.

**CITY OF ZANESVILLE, Appellant.**

[Cite as *J.A. Croson Co. v. Zanesville* (1993), 88 Ohio App.3d 100.]

Court of Appeals of Ohio,
Muskingum County.

No. CA 92–45.

Decided June 1, 1993.

*Carlile, Patchen & Murphy, Denis J. Murphy* and *John W. Seidensticker,* for appellee.

*Thomas R. Bopeley,* Assistant Law Director, for appellant.

GWIN, Presiding Judge.

The city of Zanesville appeals from the judgment entered in the Muskingum County Court of Common Pleas finding the city's local preference provision of its

bidding ordinance unconstitutional and enjoining the city from awarding a plumbing contract in a Zanesville building project to anyone other than the lower non-resident bidder and further enjoining the city from applying the local preference provision in any other Zanesville building projects. The city assigns as error:

*"Assignment of Error No. 1*

"The trial court erred by holding that Zanesville Ordinance No. 87–144 is unconstitutional on the grounds that it is preempted by R.C. 153.01 *et seq.*, 717.21 and 735.05, which set forth the procedure for competitive bidding on public contracts.

*"Assignment of Error No. 2*

"The trial court erred by permanently enjoining the application of Zanesville Ordinance No. 87–144 to any building project and further enjoining the city of Zanesville from entering into a plumbing contract with Professional Plumbing, Inc."

This case involves the legality of a municipal bidding ordinance giving a local preference to bidders whose principal place of business is within the municipality. Zanesville Ordinance No. 87–144, entitled "An Ordinance Authorizing a System of Preferences for Muskingum County Products and Services in the Awarding of Contracts by the City of Zanesville," establishes a five-percent preference for bidders offering Muskingum County products or who have significant Muskingum County presence.

Subsequent to the adoption of this ordinance by the Zanesville City Council, the voters of the city approved a local income tax increase to finance the construction of an addition to the city's Public Safety Center. The project was to be funded entirely by local money. Upon advertising for construction bids, the city received the following bids for the plumbing phase of the contract:

J.A. Croson Company ............ $238,440

Professional Plumbing Services .... $240,000

Pursuant solely to Zanesville Ordinance No. 87–144, the city awarded the plumbing contract to Professional Plumbing Services, a local Muskingum County bidder, rather than to J.A. Croson Company, the lower non-resident bidder.

J.A. Croson Company filed an action in mandamus, injunction and declaratory judgment in the Muskingum County Court of Common Pleas. As noted above, the trial court declared Zanesville Ordinance No. 87–144 unconstitutional and enjoined the city from applying said ordinance to any local building projects.

It is not disputed that Zanesville has the authority to exercise the powers of local self-government and police powers. Section 3, Article XVIII of the Ohio Constitution provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The trial court determined that the Zanesville ordinance did in fact conflict with the general laws set forth in R.C. 153.01 *et seq.*, 735.05 and 717.21. It was the trial court's reading of these statutes that led to its decision that the local preference ordinance violated the "statewide concern doctrine" that all Ohio resident contractors or bidders be given an equal opportunity to bid on public contracts within the state of Ohio. The trial court concluded that the Zanesville ordinance was unconstitutional because it violated the statewide concern doctrine.

Contrary to the trial court's determination, we find no conflict between the Zanesville local preference provision and the general state statutory sections cited by the trial court. In fact, we view the local preference provision in the Zanesville local government bidding ordinance to be but a local application of the same state public policy inherent in R.C. 153.012 regarding preference to Ohio contractors in bidding for contracts which are in whole or in part funded by state funds. Here, the local project in question was funded entirely by local money.

It appears to this court that the city council acted reasonably and rationally in granting a preference to local contractors who, in this case, would be bidding on a local contract funded by local monies. We find this rationale sufficient to preclude a determination that the ordinance is unconstitutional. *Metro. Life Ins. Co. v. Ward* (1985), 470 U.S. 869, 105 S.Ct. 1676, 84 L.Ed.2d 751; *Eisenstadt v. Baird* (1972), 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349. In understanding the separation of powers doctrine and the "check and balance" concept of our form of government, it must be kept in mind that the judiciary may properly review whether a local law, such as the one before us, was applied reasonably, uniformly and equally. However, the judiciary branch should refrain from questioning the wisdom of the local legislation in establishing a rule of law. *Port Orange v. Leechase Corp.* (Fla.App.1983), 430 So.2d 534. Upon review of the trial court's findings of fact and conclusions of law, it is abundantly clear that the trial court was more interested in questioning the wisdom of the Zanesville ordinance than its reasonable, uniform and equal application.

Even though the Zanesville ordinance may affect those Ohio companies who are non-Muskingum residents when bidding on a local Zanesville project, we cannot conclude that the ordinance was an attempt to legislate beyond the Zanesville borders. The preamble of the ordinance clearly states that the intent of the law was to benefit the local economy:

"WHEREAS, the Zanesville City Council has determined that it is in the public interest for the City of Zanesville to purchase equipment, material, and supplies from local business, and to hire local contractors to perform public improvement contract; and

"WHEREAS, providing a system of preferences for local business will benefit the local economy, increase local job opportunities, and generate additional tax revenues for the City of Zanesville."

Accordingly, we reverse the trial court's judgment that the local preference provision of the Zanesville bidding ordinance is unconstitutional and its order enjoining the further application of the ordinance. As such, we sustain each of Zanesville's assigned errors.

*Judgment reversed.*

FARMER and READER, JJ., concur.