Mr. Stephen W. Johnson Lake County School Board Attorney Post Office Box 491357 Leesburg, Florida 34749-1357
Dear Mr. Johnson:
On behalf of the Lake County School Board, you ask substantially the following question:
May the Lake County School Board adopt a policy in awarding purchasing and professional services contracts that would give preference to bidders who reside within Lake County?
In sum:
The Lake County School Board may adopt a policy in awarding purchasing and professional services contracts that gives preference to businesses located within Lake County to the extent such policy does not conflict with statutorily prescribed preferences.
You state that the Lake County School Board wishes to enact a policy giving preference to bidders who reside in Lake County. Preference would be given in the form of a small percentage reduction in the contract price or, in the event of equally qualified vendors, local bidders would be awarded the contract.
This office has previously addressed the adoption of a home town hiring policy by a school board in awarding construction contracts for educational facilities. In Attorney General Opinion 87-18, a school board proposed a policy requiring at least 50 percent of the employees of any contractor on any construction project to be residents of the home county, with at least 10 percent of the employees being women and 25 percent of the employees being minorities. While recognizing the statutory authority to set aside a certain percentage of projects for minority business enterprises,[1] this office concluded that the legislative direction in section 235.31, Florida Statutes, for the advertising and awarding of contracts for school construction projects precluded a school board from otherwise restricting the awarding of such contracts based upon residency.
Although section 235.31, Florida Statutes, has been amended since Attorney General Opinion 87-18 was issued, those amendments do not alter the conclusions reached in that opinion. Thus, to the extent section 235.31, Florida Statutes, controls the advertising and awarding of school construction contracts, a school board policy governing such contracts should be consistent.
In the instant inquiry, you ask about the board implementing a policy giving preference to businesses within Lake County in contracts for purchasing and professional services.
The Legislature has authorized preferences for awarding contracts under specific circumstances. For instance, in awarding printing contracts, state agencies may allow up to a 10-percent price preference to bidders who certify that the materials used in printing contain at least a minimum percentage of recycled content.[2] Also, when competitive bids are received by a state agency, one or more of which relates to commodities manufactured, grown, or produced within Florida, and whenever the things stated in the bid relative to price, quality, and service are equal, a preference shall be given to commodities manufactured, grown, or produced in this state.[3] While these preferences apply to purchases by state agencies, there are areas in which the Legislature has authorized preferences for other governmental entities.
For purchases of personal property, the Legislature has placed Florida businesses on equal footing with out-of-state businesses that enjoy preferences in their home states. Section 287.084(1), Florida Statutes, states:
When an agency, county, municipality, school district, or other political subdivision of the state is required to make purchases of personal property through competitive bidding and the lowest responsible bid is by a bidder whose principal place of business is in a state or political subdivision thereof which grants a preference for the purchase of such personal property to a person whose principal place of business is in such state, then the agency, county, municipality, school district, or other political subdivision of this state may award a preference to the lowest responsible bidder having a principal place of business within this state, which preference is equal to the preference granted by the state or political subdivision thereof in which the lowest responsible bidder has his or her principal place of business.[4]
The Legislature has set up specific criteria under which Florida businesses may be given preference in the award of a competitive contract for the purchase of personal property over an out-of-state bidder. While school boards have home rule powers, the exercise of such power may not conflict with a state statute.[5] I would note, however, that section 230.23005(2), Florida Statutes, grants school boards the power to adopt fiscal management policies with respect to school purchasing. These policies specifically may govern:
"Sales calls and demonstrations by agents, solicitors, salespersons, and vendors on campus; local preference criteria forvendors; specifications for quantity purchasing; prioritization of awards for bids; declining bid awards; and purchase requisitions, approvals, and routing."[6] (e.s.)
Thus, the Legislature has recognized that school board policies may encompass local preference criteria for vendors.
Rule 6A-1.012(6), Florida Administrative Code, along with the general authority of school boards to establish policies governing purchases in section 237.02, Florida Statutes, have been cited to support a school board's discretion in establishing its purchasing policies. Rule 6A-1.012(6) reiterates the need for at least three competitive bids for any authorized purchase or contract for services exceeding a specified amount and requires that the board, in accepting a bid, "accept the lowest and best bid from a responsive and responsible bidder." As noted in Attorney General Opinion 87-18, courts have construed the term "lowest responsible bidder" to mean a consideration of the character or quality of the materials or work proposed to be supplied, as well as financial ability, judgment, skill, experience, reputation, integrity and other matters concerning a bidder.[7] The cited rule and judicial interpretation of what constitutes a "lowest responsible bidder," however, does not prohibit a school board from considering the bidder's place of business in making its determination of which is the lowest and best bid from a responsive and responsible bidder for the purchase of personal property.
The procurement of professional services would appear to be open to the same discretion discussed above. Section 287.055, Florida Statutes, specifically applicable to school districts, governs the acquisition of professional architectural, engineering, landscape architectural, surveying, and mapping services. The Legislature has provided for a competitive selection process of no fewer than three firms deemed to be the most highly qualified to perform the required services. In determining whether a firm is qualified, an agency must consider such factors as:
"the ability of professional personnel; whether a firm is a certified minority business enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms."[8]
(e.s.)
An agency negotiates a contract with the most qualified firm at a price that is fair, competitive and reasonable. In the event negotiations are unsuccessful, the agency negotiates with the second most qualified firm. The term "location" appears to relate to the firm's place of business, in that all of the other qualifying characteristics relate to the firm.[9] Thus, the Legislature has acknowledged that the location of a firm bidding for professional services may be considered in awarding the contract.
In City of Port Orange v. Leechase Corporation,[10] the district court reviewed the legality of a municipality's bidding ordinance giving preference to bidders whose principal places of business were located within the municipality. The lower court had found the ordinance to be flawed as against public policy. The district court reversed, finding no contravening public policy established by the state or federal constitutions, or by state statute, that would preclude the municipality from enacting such an ordinance. Given the existence of a duly enacted ordinance that the municipality had followed, the court refused to evaluate the wisdom of the ordinance's enactment. The district court distinguished these circumstances from those in MarriottCorporation v. Metropolitan Dade County,[11] where the court reversed the county commission's award of a contract to a local bidder who was not the lowest bidder when there existed a permanent resolution (tantamount to an ordinance) providing for the competitive bidding of such contracts with no provision for local preference.
Accordingly, it is my opinion that the Lake County School Board may adopt a policy giving preference to residents of Lake County in awarding purchasing and professional services contracts to the extent such a policy does not conflict with statutes or rules prescribing the competitive bidding process contemplated for such contracts.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, 235.31(1)(c), Fla. Stat.
[2] Section 283.32, Fla. Stat. See also, s. 287.045(5), Fla. Stat., allowing up to a 10-percent price preference to a responsive bidder certifying that the materials contained the minimum percentage of recycled content.
[3] Section 287.082, Fla. Stat. See also, s. 287.087, Fla. Stat., giving preference to businesses with drug-free work-place programs and s. 283.35, Fla. Stat., requiring an agency of the executive branch of the state to give preference to bidders located within the state when awarding contracts to have materials printed, if such printing can be done at no greater expense and with comparable quality obtainable from the out-of-state bidder.
[4] Section 287.084(2), Fla. Stat., requires out-of-state bidders responding to an invitation to bid which provides for the granting of the preference allowed under this section to provide a written opinion of an attorney licensed in that state as to the preferences granted by the foreign state to its own business entities.
[5] See, Op. Att'y Gen. Fla. 84-95 (1984).
[6] Section 230.23005(2)(a), Fla. Stat.
[7] Attorney General Opinion 87-18 (1987), citing, Suburban Inv.Co. v. Hyde, 55 So. 76 (Fla. 1911); Eggart v. Westmark,45 So.2d 505 (Fla. 1950); Marriott Corp. v. Metropolitan Dade Co.,383 So.2d 662 (Fla. 3rd DCA 1980).
[8] Section 287.055(4)(b), Fla. Stat.
[9] See, Ops. Att'y Gen. Fla. 00-07 (2000) (while staff analysis refers to "invoices," that term should be construed in light of the other types of information referenced); 94-12 (1994); 90-55 (1990) (terms of section should be construed in connection with, and their meaning ascertained by reference to, the other words and phrases of the section with which they are associated).
[10] 430 So.2d 534 (Fla. 5th DCA 1983).
[11] 383 So.2d 662 (Fla. 3rd DCA 1980).